## BUSHEE VS. WRIGHT.

1. PRACTICE — READING DOCUMENTS, ETC.— When a written instrument declared on is admitted or satisfactorily proved, it is legally before the court and jury, and may be read at any time, or it need not be read audibly at all.

2. VARIANCE — GENERAL VERDICT.— If the instrument declared on does not support a particular count of the declaration, it is no ground for reversing the judgment or for a new trial, if there be a count which such instrument does support; as if the verdict be general, the court will intend the finding to be upon such count as the evidence supports.

3. DISCLOSURE OF VERDICT.— When by consent of parties a jury is sent out with instructions to make up a sealed verdict and with permission thereupon to separate, it is no cause for a new trial, or for setting aside the verdict, that it was promulgated by the jury before it was received in court.

4. REMITTING DAMAGES.— An excess of damages may be remitted by the party recovering, after a motion for a new trial upon that ground, and even in the supreme court after a writ of error is brought.

ERROR to the District Court for *Grant* County.
The case is stated in the opinion of the court.
*Moses M. Strong*, for plaintiff in error.
*F. J. Dunn*, for defendant in error.

DUNN, C. J.    This plaintiff, *Wright*, brought his action of assumpsit on a promissory note against defendant *Bushee*, one of the makers, in the district court of Grant county, and at the last March term of said court the cause came on to be tried, and was tried by a jury who returned a verdict in favor of plaintiff, and thereupon a judgment was rendered.    *Bushee*, the defendant, brought the cause into this court by writ of error.    The errors assigned and embraced in the bill of exceptions in the cause are:

I. The court erred in permitting the note sued on to be read as evidence to the jury after the evidence on the part of the plaintiff and defendant was closed:

1st. Because it did not support the last count in the

declaration which describes a note payable on the 25th December, 1837, whereas the note offered is payable on the 25th December, 1838.

2d. Because the plaintiff, Wright, could not legally read it to the jury at that stage of the proceedings.

II. There was no consideration for the note.

III. The court erred in overruling the motion for a new trial:

1st. Because the note did not support the last count and the verdict being general, the court could not render judgment on it.

2d. The jury promulgated their verdict before it was read, and the court refused to receive evidence to prove it.

3d. The amount of damages was excessive.

The court will dispose of the errors assigned in the order in which they stand. "That the district court erred in permitting the note sued on to be read in evidence to the jury, after the evidence on the part of plaintiff and defendant was closed," is not made apparent to this court by the reasons assigned or any other. After the instrument declared on is admitted or proved satisfactorily, it is before the jury as matter of evidence, and it never has been a question even, that any particular point of time before the jury received the whole case was the proper time for counsel to read the instrument. Indeed it is not material that the note be audibly read to the jury at all. The instrument is legally before the court and jury as evidence, and may be used as such at any time before verdict. That the note did not support the last count in the declaration is a demurrable reason. It supported other counts, and so the jury determined. It will scarcely be contended that if a declaration contain several consistent counts, and the evidence adduced support any one of them, the jury may not return a verdict for the plaintiff. And if the verdict be general, the court will intend the finding to have been upon the count or counts sustained by the evidence.

The court scarcely know how to treat the second error assigned, "That there was no consideration for the note." On a motion for a new trial this ground may be properly taken to show that the finding of the jury was without sufficient evidence, the consideration having been put in question on the trial. But, as a separate and distinct ground of error in the decision of the court, it cannot be considered. It was an inquiry for the jury on testimony and the court could, in no wise, decide upon it, except on a motion for a new trial, when the evidence is brought in review.

The third assignment of error is, that the court erred in overruling the motion for a new trial.

1st. Because the note did not support the last count in the declaration, and the verdict being general the court could not render judgment upon it.

2d. Because the jury promulgated their verdict before it was read, and the court refused to receive evidence to prove it, and,

3d. Because the amount of damages was excessive.

The first ground of error under this assignment has already been disposed of, in the opinion of the court, on the first error relied on by plaintiff.

The second is new and has no precedent in the books. The instances are very frequent in civil cases, where courts have directed the jury after finding to seal up their verdict and deliver it to an officer of the court named, after which they were permitted to separate, and meet the court when sitting to hear and affirm the verdict. This is done without any express consent of parties or their counsel; no objection being interposed, the consent is implied. In this case the record shows that express consent of the counsel for the parties was given to this course, and the court so ordered. The record shows further that, after agreeing to and sealing up their verdict, the jury returned into court where their sealed verdict was opened and read to them, and they pronounced it to

be their verdict. The objection that the jury promulgated their verdict after they had agreed to, sealed up and delivered the same to the sheriff (under a rule of court, made by consent of parties), but before it was read in court, seems entirely new, and without any reason or rule in law to support it. The fact of the jury having returned into court and assented (unanimously) to the verdict, relieves their conduct from the imputation of such culpable irregularity as would have authorized the court to set aside their verdict, and award a new trial. Juries have been sent out under a rule similar to the one in this case, and, after agreeing to and sealing up their verdict, upon reading it in court, one of the jury has disagreed. The court in such case has directed the jury to retire again and consult, and, upon their returning into court the same verdict, the court refused to set it aside for irregularity or misconduct. Graham's New Trials, 80 to 115.

That a jury should retire and consult privately upon matters submitted to them to try, is a rule founded in the best reasons, and these are mainly that they may deliberate calmly without distraction, and freely without the influence of parties or their friends, upon the matters submitted to them to be tried upon the evidence adduced. But after agreement, signing, sealing up, and delivering their verdict to an officer of the court, under a rule of the same court, the reasons for secrecy and privacy cease, and the court know of no rule of law that forbids a juror to speak of the verdict. It is the safer and better practice, however, and one which will prevent captious objections, for juries to refrain from speaking of their verdict until published through the records of the courts.

The other ground assumed in the motion for new trial, "that the damages are excessive," cannot be sustained, because the plaintiff in the district court remitted the excess, and at once effected the object of the motion for a new trial on that ground. And the objection that it is

Bushee vs. Wright.

too late to remit after a motion for a new trial has no point, and is not sustained by any rule governing legal proceedings in such matters. This court would now be authorized to permit the remittitur and affirm the judgment for the balance with costs to plaintiff in error. This is going much beyond the time prescribed in the plaintiff's objection on this ground. 6 Rob. Pr. 643; 4 Grah. New Trials, 408, 446; Bull. N. P. 327. Before disposing finally of this case, it may be proper here to advert to one of the grounds relied on for a new trial. The failure of consideration. This was a legitimate subject of inquiry by the jury, and the record shows that they did decide it upon the testimony adduced in favor of *Wright*, the plaintiff below. On the motion for a new trial it became the duty of the district court to review the testimony, and, if it were apparent that the jury upon that point found against evidence, then their verdict should have been set aside and a new trial awarded. This court, to determine whether or not the district court erred in refusing the new trial on this ground, must be governed by the facts proven on trial and contained in the bill of exceptions. These facts fully establish the opinion that the district court exercised a sound legal discretion in overruling the motion for a new trial. It does not appear that the district court erred on any of the grounds objected in the bill of exceptions herein.

The judgment of the district court is, therefore, affirmed, with costs, and interest at the rate of seven per centum per annum, and ordered that the same be certified to said court, to be carried into execution.