## TALMADGE VS. BAKER.

*Slander: Justification by proof of specific acts.*

1. To say of a person, "He would steal anything he can get hold of. He is in the habit of picking up things. He stole wool of L——," charges a habit of stealing, as well as a specific theft.
2. In slander for words charging a habit of stealing, the defendant may justify by showing that the plaintiff had committed various acts of larceny.

APPEAL from the Circuit Court for *Jefferson* County.

Slander. The words spoken are stated in the opinion. The answer, in justification, alleged that the plaintiff stole

wool from Lloyd, and stated several other specific acts of larceny which, it alleged, plaintiff had committed.    On the trial, the defendant, after introducing some evidence tending to show the larceny of the wool, offered to prove the other acts of larceny mentioned in the answer, but the court excluded the evidence.    Verdict and judgment for plaintiff; and defendant appealed.

*I. W. & G. W. Bird*, for appellant, cited Starkie on Sland., 478; *Jaycocks v. Ayres*, 7 How. Pr., 215; *Cornelius v. Van Slyck*, 21 Wend., 70.

*Enos & Hall*, for respondent, argued that the words, " He would steal anything he could get hold of; he stole Lloyd's wool," are but one charge, and slanderous only by reason of charging that the plaintiff stole the wool.

COLE, J.    The defamatory words alleged to have been spoken concerning the plaintiff, set out in the first paragraph or count of the complaint, are the following : "I (the defendant) have lost your chain.    I think *Talmadge* (the plaintiff) picked it up.    He is in the habit of picking up things.    He stole a fleece of wool from Lloyd when there shearing sheep."    In the second count the words are : " *Talmadge* would steal anything that he could get hold of.    He stole wool of Lloyd."    In his answer, the defendant justified so far as related to the charge of stealing the wool, and further stated and alleged that the plaintiff had been guilty of various acts of larceny.    On the trial, the defendant gave evidence tending to prove the truth of the charge in regard to stealing the wool, and also offered to prove the specific instances of larceny detailed in the answer.    This last testimony was objected to, and excluded by the court; and the only question in the case about which we have had any doubt was, whether this testimony, under the pleadings, was not admissible.    This will depend upon the actionable words

stated in the complaint. What are those words? They are, that the defendant charged that he had lost a certain chain, and thought the plaintiff had picked it up; that the plaintiff was in the habit of picking up things; that he had stolen a fleece of wool from Lloyd; and further, that the plaintiff would steal anything he could get hold of. In other words, in addition to charging the plaintiff with specific acts of larceny, the defendant further charged that the plaintiff was in the habit of stealing. Now, suppose the plaintiff should prove, as he did by one or two witnesses, that the defendant had said plaintiff would steal anything he could get his hanbs on, cannot the defendant show various instances of larceny to justify this charge? The plaintiff, in effect, says: "You have defamed my character by charging me generally with a propensity to steal." " True," the defendant replies, " I have so charged, and I propose to make good my words by showing that you have been guilty of various larcenies mentioned in my answer." Was not, then, this proof admissible to meet one cause of action relied on in the complaint, and to sustain which evidence had been adduced on the part of the plaintiff? We think it was. See *Jacocks v. Ayres*, 7 How. Pr. R., 215.

Several objections have been taken to the instructions of the court; but we think they are substantially correct. But for the error in excluding the evidence offered to prove the various acts of larceny mentioned in the answer, there must be a new trial.

*By the Court.*—The judgment of the circui: court is reversed, and a new trial ordered.