# Born *versus* Allegheny & Perrysville Plank Road Company.

1. In an action against a road company to recover damages for an injury to a traveler caused by his driving into a pile of stones lying in the road, at night, the questions of negligence and contributory negligence are for the jury.

2. If the exercise of proper supervision by the company would have led to the discovery of the obstruction in time to protect the public against danger, the company is equally liable for an injury caused thereby, as if it had had notice or knowledge of it.

3. When the temporary occupation of the road by a person engaged in building is necessary, due care must be taken to guard the public from the danger; and if this be left undone the corporation is answerable for an injury occasioned by an obstruction, if sufficient time had elapsed for the corporation, by reasonable diligence, to have discovered the obstruction and provided a safe-guard.

4. The plaintiff, while driving along a plank road abreast with another wagon, at the rate of about twelve miles an hour, between nine and ten o'clock on a dark night, was injured by running into a pile of stones lying in the track of the road. The stones were to be used in erecting a building and had been lying there several days; there was no light or signal to warn travellers. The stones were about a quarter of a mile from a toll house, but there was no evidence that the company's officers had actual knowledge of their being there. In an action against the plank road company to recover damages, the court entered a non-suit on the grounds that there was no evidence of negligence on the part of the defendant and that the plaintiff was guilty of contributory negligence. *Held*, to be error. The questions of negligence and contributory negligence should both have been submitted to the jury.

October 17th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J., absent.

ERROR to the court of Common Pleas No. 2, of *Allegheny county*: Of October Term 1882, No. 55.

Case, by Jacob Born against the Allegheny and Perrysville Plank Road Company, a corporation, to recover damages for personal injuries to the plaintiff, caused, as alleged, by the negligence of the defendant. Plea, not guilty.

On the trial, the evidence on behalf of the plaintiff was substantially as follows: On the evening of May 12th, 1879, between nine and ten o'clock, it being quite dark, the plaintiff, while driving along the Perrysville Plank Road in a buggy, ran into a pile of stones, which was lying on the left side of the road, and was thrown out and injured. At the time of the accident he was alone in the buggy, but was driving abreast with another buggy, containing a friend, with whom he was in conversation. The plaintiff testified that he and his friend were

returning to Allegheny from his house, about two miles beyond the place where the accident occurred, having gone out from Allegheny earlier in the evening; that, up to within a quarter of an hour before the accident they had been driving pretty fast, but had pulled up, and at the time of the accident were driving at the rate of a mile in between four and five minutes. The occupant of the other buggy testified, that at the time in question they were jogging along at about a five minute gait. Other witnesses called by the plaintiff testified, that the stone pile contained about 35 perches of stone, had been placed in the road by a contractor for building the cellar of a house, and had been lying there about four days; that there was not room for two wagons to pass each other at that point without one going off the end of the plank at the other side.   There was no evidence that any officer of the Plank Road Company had any notice or knowledge that the pile of stones had been placed in the roadway.

At the close of the plaintiff's evidence, the court, on motion, granted a non-suit, and, subsequently, in an opinion filed by EWING, P. J., refused to take it off, being " of the opinion that the evidence fails to show any negligence on the part of the defendant company, and that it does show negligence and reckless disregard of the safety of other travellers on the part of Mr. Born, which essentially contributed to the injuries of himself and the horse he was driving."

The plaintiff thereupon took this writ of error, assigning for error the entry of the non-suit and the refusal to take it off.

*W. D. Moore*, for the plaintiff in error.—Direct notice to the defendant company of the obstruction in their road was not an essential element in the plaintiff's case.   It was defendant's duty to exercise a reasonable supervision over their toll road, and maintain it in a safe condition for travelers.   The obstruction had remained on the road more than four days; it was within the rural portion of Allegheny City, and within a quarter of a mile from the toll gate and its keeper's residence.   Under these circumstances, it. was a question for the jury, whether the defendant company had been guilty of negligence.   The court also erred in holding as matter of law that the plaintiff was guilty of contributory negligence.

*Thomas M. Marshall*, for the defendant in error.—The plaintiff's own evidence showed that he was driving on a dark night, on the left (wrong) side of the road, abreast of another wagon and talking to its occupant, at a speed of about fifteen miles an hour, which was such a reckless gait as to make it impossible for him to stop suddenly; and such a rate as to make him

liable to arrest and fine for fast driving, under an ordinance of the City of Allegheny. He was perfectly familiar with the locality, as his residence was out on the road, and his place of business in Allegheny, and he had driven over the road, passing the stone pile, earlier in the same evening. Where the inference from the facts is necessarily that there was negligence or contributory negligence, the court should decide the question as a matter of law : R. R. Co. *v.* McClurg, 6 P. F. S. 294.

The temporary occupation of a part of a street or highway by a person engaged in building is allowed from the necessity of the case, and the defendant company was not in fault in not removing the stones : Commonwealth *v.* Passmore, 1 S. & R. 219 ; People *v.* Cunningham, 1 Denio 524 ; Eggleston *v.* Road Co., 82 N. Y. 278.

Mr. Justice TRUNKEY delivered the opinion of the court, October 25th 1882.

A corporation which is bound to keep its highway in repair and safe condition, is liable for an injury caused by its neglect to do so, and it is immaterial whether the neglect was willful or otherwise. Where ignorance of the defect is the result of omission of duty, actual knowledge of its existence is not an essential to the fixing of such liability. If the exercise of proper supervision would have led to discovery of the nuisance in time to remove it, or to protect the public against it, there is the same liability for an injury caused by the nuisance as if there had been notice or knowledge of it : Norristown *v.* Moyer, 67 Pa. St. 355 ; Erie City *v.* Schwingle, 22 Id. 384. When the temporary occupation of the road by a person engaged in building is necessary, due care must be taken to guard the public from the danger, and if this be left undone the corporation is answerable for the injury occasioned by the obstruction, if sufficient time had elapsed for the corporation by reasonable vigilance to have discovered the obstruction and provided a safeguard.

What is and what is not negligence in a particular case is generally a question for the jury and not for the court. It always is, when the measure of duty is ordinary and reasonable care. In such cases the standard of duty is not fixed but variable. Under some circumstances a higher degree of care is demanded than under others. And when the standard shifts with the circumstances of the case it is in its very nature incapable of being determined as a matter of law, and must be submitted to the jury to determine what it is, and whether it has been complied with : Railroad Co. *v.* McElwee, 67 Pa. St. 311. Exceptions to the foregoing rule need not now be noted. Nor need it be said that where there is no evidence of negligence it shall not be permitted to the jury to find it. Nor that where the ad-

[Born *v.* Allegheny, &c. Plank Road Co.]

mitted facts by the plaintiff in an action for injury arising from the defendant's neglect clearly show his contributory negligence, he should be non-suited.

To drive at the rate of twelve or fifteen miles an hour is not negligence per se. To determine whether such speed is within or without the measure of reasonable care, the width of the road, its condition, the number of persons and vehicles thereon at the time, and all other circumstances must be considered. The road may be inside the limits of a city corporation, and in fact a country road. It may be known as a much used thoroughfare, in good repair, or as one that is rough and perilous. The degree of care shifts with the ever-shifting circumstances, and whether driving at a certain rate of speed is negligence can alone be determined by the jury.

The truth of the plaintiff's testimony being admitted by the motion for non-suit, the reasonable inferences therefrom are taken in his favor. A quantity of stone had been placed in the road, not leaving room for two teams to pass, if meeting at that point. There was no light or other thing to warn the public. Usually the road was smooth and safe. The plaintiff had driven by the obstruction that evening after dark, not in daylight. He was driving along side and talking with Hatfield when the accident occurred. There is no reason for belief that there would have been an accident but for the stone, unless it be found in the rate of speed, twelve or fifteen miles an hour. That same evening it was remarked by a traveler that that was a very dangerous place : and another, driving at a slower rate, broke a wheel of his wagon against the stone. Surely the question of contributory negligence by the plaintiff was for the jury.

The obstruction was there a number of days; one witness said, a week. There is no evidence that any officer of the company had knowledge of this fact; but it ought to have been submitted to the jury to find, upon all the evidence, whether the want of such knowledge was the result of omission to exercise proper supervision of the road; and whether by reason of such omission the defendant was negligent in not having discovered the nuisance before the time of the accident, and removed it, or placed a proper warning.

Judgment reversed, and procedendo awarded.