## THE CITY OF CHAMPAIGN

*v.*

## SARAH E. JONES.

*Filed at Springfield March 31, 1890.*

1. NEGLIGENCE—*as a question of fact—streets—accumulation of obstructions.* It is the legal duty of a city to exercise proper care and diligence in keeping its streets in a reasonably safe condition for public travel; and whether piling up mud along the center of a street at a time when liable to freeze before it can be removed, and allowing a ridge of frozen mud in such street for many days, and until some one is injured thereby, is negligence, is a question of fact, depending for its solution upon a consideration and construction of the evidence.

2. In an action against a city to recover damages for a personal injury caused by a ridge of frozen mud left in the street, the question of the negligence of the city in not keeping its street free from dangerous obstructions, and that of the negligence of the plaintiff in driving along the street, are purely questions of fact, to be determined by the jury from the evidence, and such questions can not be considered by this court.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. SOLON PHILBRICK, and Mr. E. L. SWEET, for the appellant:

When the facts are undisputed or conclusively proven, the question of negligence is one of law.  *Railroad Co.* v. *Evans*, 53 Pa. St. 250; *Gagg* v. *Vetter*, 41 Ind. 228; *Railroad Co.* v. *Spencer*, 98 id. 186.

The evidence shows conclusively that the ridge of mud might easily have been avoided by the appellee.  A party can not recover for an injury which he could have avoided by reasonable care.  *Schaeffer* v. *Sandusky*, 33 Ohio St. 246; *Durkin* v. *Troy*, 16 Barb. 437; *Corlett* v. *Leavenworth*, 27 Kan. 673.

One who attempts to pass a dangerous obstruction to a street, having knowledge of the danger, takes the risk of a personal injury, and is negligent.  *King* v. *Thompson*, 87 Pa. 365; *Erie* v. *Magill*, 101 Pa. St. 616; *Centralia* v. *Krouse*, 64 Ill. 19; *Quincy* v. *Barker*, 81 id. 300; *Lovenguth* v. *Bloomington*, 71 id. 238.

Mr. J. L. RAY, for the appellee:

No question of law is presented, and this court can not go behind the finding of the jury and Appellate Court on the questions of negligence in the parties.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case, brought by Sarah E. Jones against the city of Champaign, to recover damages for a personal injury.  A trial was had before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff for $2000, and said judgment having been affirmed by the Appellate Court, the record is now brought here by appeal.

It appears from the evidence that, on the 2d day of March, 1888, the city of Champaign, through its proper officers and servants, undertook to clean one of its principal streets known as Main street, and on which there was a brick pavement.

Said street was about forty-three feet in width between the sidewalks, and in cleaning it, the mud and dirt which had accumulated thereon were scraped together so as to form a continuous ridge or row of mud from eight to eighteen inches in depth along the center of the street. The following night this row of mud froze solid, and so remained until on and after March 9, the day the plaintiff was injured. On that day the plaintiff was driving a two-wheeled cart, drawn by an old and gentle horse, along said street between the mud row and the sidewalk on an easy trot. A team harnessed to a wagon was at the time standing at the sidewalk hitched, and sufficient space was left between the rear end of the wagon and the mud row for the plaintiff to pass. Just as she was passing however, the team hitched to the wagon unexpectedly backed up, and the plaintiff's horse, to get out of the way, shied off, so as to run one wheel of the plaintiff's cart on to the mud row, whereby the plaintiff was thrown out on to the ground and severely injured.

The negligence charged against the city consisted in placing said row of earth and mud in the center of said street, and in allowing it to remain there as an obstruction until the plaintiff was injured thereby. The defendant, on the other hand, insisted that the plaintiff was guilty of contributory negligence in driving along said street on a trot, and in attempting to pass the team hitched to the sidewalk at the time and in the manner she did. These charges of negligence presented pure questions of fact, and we must therefore hold, as we have uniformly held, that they are conclusively settled by the verdict of the jury, confirmed by the judgment of the Circuit and Appellate Courts.

But it is insisted that notwithstanding the rule which makes the judgment of the Appellate Court final as to all controverted questions of fact, this court should look into the record for the purpose of determining whether there is any evidence tending to support the verdict, the contention being that, if there is no

evidence or not sufficient evidence, the question becomes one of law and not of fact, and is therefore within the proper cognizance of this court on appeal from the Appellate Court. All we need say in relation to the view thus presented is, that this is not a case where there is no evidence tending to support the charge of negligence against the defendant. It was the legal duty of the defendant to exercise reasonable care and diligence in keeping its streets in a reasonably safe condition for public travel, and whether piling said mud and dirt in the center of the street at a time when it was liable to be frozen solid before it could be removed, and whether allowing it to remain as a dangerous obstruction to the street for many days after being so frozen was an exercise of reasonable care and diligence, are matters which can not be determined as questions of law, but must depend for their solution upon a consideration and construction of the evidence. So also as to the contributory negligence charged against the plaintiff. Whether she was negligent or not depended upon the circumstances proved. No conduct on her part is shown which can be pronounced negligence *per se*, and it was therefore for the jury to find from the evidence whether negligence on her part was proved. We see nothing in the case which can distinguish it from the numerous cases where we have held that whether negligence had been established or not was purely a question of fact for the jury, and being a question of fact, it was not open for consideration here.

No complaint is made by counsel for the defendant of any ruling of the trial court in the instructions to the jury, nor is our attention called to any error of law in the record. It follows, necessarily, that the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*