## Davis, Appellant, *v.* Çorry City.

[Marked to be reported.]

*Negligence—Municipalities—Obstruction on sidewalk—Notice.*

In an action against a municipality to recover damages for personal injury sustained from falling over an obstruction on a sidewalk, the case cannot be submitted to the jury unless there is evidence, (1) of unlawful obstruction of the sidewalk, and that this caused the injury; and (2) that the city had notice of this obstruction and was negligent in not removing it.

*Evidence as to continuous obstruction of sidewalk.*

Plaintiff's intestate was killed by falling over a casting of iron works placed on the sidewalk by the owners of the works. There was evidence that the street where the accident occurred was much frequented by day and night; and that castings or machinery were upon the sidewalk all the time, and had been for months before the accident. No witness could say positively that the same pieces were there for any considerable time, but several said that substantially the same obstruction was there, the product of the manufactory. *Held*, that it was for the jury to determine whether the constant repetition of the act of placing machinery and castings upon the sidewalk was such as to amount to substantial continuity of obstruction, as distinguished from the lawful temporary use of the sidewalk.

Argued April 26, 1893. Appeal, No. 219, Jan. T., 1893, by plaintiff, Ann Davis, from judgment of C. P. Erie Co., Feb. T., 1891, No. 160, refusing to take off nonsuit. Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit by widow for death of her husband caused by falling over obstruction on sidewalk.

The facts appear by the opinion of the Supreme Court.

The court, GUNNISON, P. J., entered a compulsory nonsuit and subsequently refused to take it off.

*Error assigned* was, (1) refusal to take off nonsuit.

*S. M. Brainerd, Isador Sobel* with him, for appellant.—Where an obstruction is of such long duration as to be generally observable, the city is chargeable with constructive notice: McLaughlin v. City of Corry, 77 Pa. 109.

A corporation which is bound to keep its highway in repair and in safe condition, is liable for an injury caused by its neglect to do so, and it is immaterial whether the neglect was willful or otherwise. Where ignorance of the defect is the result of omission of duty, actual knowledge of its existence is not an essential to the fixing of such liability. If the exercise of proper supervision would have led to discovery of the nuisance in time to remove it or to protect the public against it, there is the same liability for an injury caused by the nuisance as if there had been notice or knowledge of it: Born v. Allegheny & Perrysville Plank Road Co., 101 Pa. 334; Norristown v. Moyer, 67 Pa. 355; Erie City v. Schwingle, 22 Pa. 384; R. R. v. McElwee, 67 Pa. 311.

*C. L. Baker, C. G. Olmstead* and *A. B. Osborne* with him, for appellee.—The Ajax Iron Works had a right to use that portion of the sidewalk in front of its premises for the purpose of receiving and delivering its machinery and products, and such right was "not subservient to the rights of the traveling public:" Piollet v. Simmers, 106 Pa. 95.

In the absence of notice, actual or constructive, the city of Corry cannot be charged with the consequences of the wrongdoer's act.

Plaintiff's remedy was against the property owners, and not against the city: Hanson v. Warren Boro., 22 W. N. 133; Mattimore v. Erie City, 144 Pa. 14.

The burden of proof is upon plaintiff, and when plaintiff's witnesses almost unanimously fail to tell how long, whether

temporarily or not, what they saw remained, then, as the learned judge below pointed out, this case falls: Bartlett v. Kittery, 68 Me. 358.

Constructive notice is a legal inference from established facts: Koons v. W. U. Tel. Co., 102 Pa. 170.

OPINION BY MR. JUSTICE DEAN, May 8, 1893:

Ann Davis, the plaintiff, is the widow of Humphrey Davis, deceased. The husband was a resident of Corry, a man about sixty years of age, of irreproachable habits, in good health, a shoemaker by trade, industrious and saving. On the evening of the 15th of September, 1890, after dark, about 8 o'clock, he left his home on the north side of the town to attend a meeting of the " Equitable Aid Union " on the south side. His direct route to the place of meeting was on the sidewalk on the west side of Center street. On this street, having a frontage of about fifty feet, was located the manufacturing establishment known as the " Ajax Iron Works." As he passed in front of these works on the sidewalk, he fell over a piece of machinery or casting placed there by the Iron Works, and was so injured that in a few days thereafter he died. His widow brings this suit against the city for damages, averring negligence on part of city in permitting the obstruction of the sidewalk, which caused the death of her husband.

After the jury was sworn and the evidence of the plaintiff had been heard, the learned judge of the court below directed a nonsuit, and having afterwards on motion refused to take it off, the plaintiff took this appeal. The reasons for entering the nonsuit and for refusing to take it off are given as follows:

" It seems to me perfectly clear that this motion should prevail. The burden in a case of this kind is always on the plaintiff to prove such a state of facts as will sustain every element in his case. It is necessary that he should prove first that the act complained of was negligent on the part of the person who committed it. As far as that is concerned, there is ample evidence that the Ajax Iron Works were negligent in the placing of even this particular piece of machinery on the sidewalk, without any warning to passers by that it was there, so that persons going by in the dark would be liable to stumble over it. That alone would be sufficient evidence to justify the jury in finding that the placing of that iron there was negligence.

· " But in order to charge the city with the consequences of that negligence of some other person, it is necessary to show that they had either actual or constructive notice of the negligent act of the Ajax Iron Works. Of course there is no testimony to show actual notice. Evidence that would justify the jury in finding that there was constructive notice must be evidence of the existence of the obstruction for a sufficient length of time to charge the public authorities with notice, so that if they did not know it they ought to, in the performance of their duty. I do not mean by that to vary from the ruling which was made upon the offer of evidence, that it would be necessary to charge them with notice of the particular piece that obstructed the sidewalk, of the existence of that on the walk for a sufficient length of time to charge them with notice, but it must be evidence of such a similar, continuous, unlawful occupation of the walk as would charge them with notice. Evidence that on every day of the year people going by there saw articles on the walk would not be sufficient alone to charge the city with notice, because it would lack one element, that is the element of unlawfulness. Because the Ajax Iron Works might have articles on the walk every day lawfully ; and in order to charge the city with notice it must be shown that the articles were on the sidewalk unlawfully.

" In this case there is evidence from which the jury might find that on several occasions there were articles on the sidewalk unlawfully ; that is, for such a length of time as to make it an unlawful obstruction of the walk, but they were not continuous ; they did not continue down to the time this injury occurred. There is no witness who says that there was any continuous unlawful obstruction upon the walk for any length of time ; I mean continuing up to the time this injury occurred, and that is the one element that is lacking in the case. If the action were against the Ajax Iron Works it would have to be submitted to the jury, because it being their property, and the act of placing the obstruction being their act, it would not have to remain there any length of time, if it was unlawfully there, to charge them with the consequences of unlawfully or negligently placing it there."

It is possible we have not before us the evidence as full as it appeared in the trial of the cause ; but, taking it as exhibited

to us on the paper books, we think it was a case for the jury under instructions from the court.

To put the case to the jury there must be evidence: (1) Of unlawful obstruction of the sidewalk, and that this caused the injury. (2) That the city had notice of this obstruction and was negligence in not removing it.

The court below assumes: "There is ample evidence that the Ajax Iron Works were negligent," but says further, "in order to charge the city with the consequences of that negligence, it is necessary to show that they had either actual or constructive notice of the negligent act of the Ajax Iron Works."

Without doubt, this is a correct statement of the law. Nor is it every obstruction of the sidewalks or streets that is unlawful. Manufacturers, merchants, traders and carriers have their warehouses, stores and factories on the streets of cities and towns. It is to the interest of the public that these should be carried on in cities and towns; to successfully do this, necessarily, the sidewalks and streets will be temporarily obstructed with bales and boxes of goods and the products of the factory; they must ship and must move them; they cannot reach the dray, wagon or cart without moving them across the sidewalk. In so far as this is a temporary and necessary obstruction of the walk, and an inconvenience to the public passing over it, the public in the common interest of trade and commerce must submit to it. But while this is the case, it must not be forgotten by municipal authorities that the sidewalks and streets are primarily for the use of the passing public. The merchant's or manufacturer's right to a temporary necessary use of them is permissive only, and subordinate to that of the public. The tendency of the individual always is to trespass on the public right to subserve his own private interests. While there is much said about the exactions of government from the citizen, an examination of our law books will show that no little of the litigation of the commonwealth has grown out of the selfish propensity of the individual to encroach on the public right. Assuming now, as the court below assumed, that the individual, this private company, was guilty of negligence in obstructing this sidewalk, was this of such character as to warrant the inference of knowledge on part of the city?

This obstruction was there after dark; no light to disclose it, no watchman to give notice to those approaching, that they might avoid it; of such character, that the passing citizen when he struck it received fatal injuries; certainly, this ought not to have been permitted by anyone whose duty it was to remove it, if such an one knew of it or ought to have known of it. If the city knew or ought to have known of it, then the presence of it on the sidewalk that evening was negligence.

There was evidence that Center street was one of the principal streets of the city; much traveled by a population of about 8,000, both by day and night; that large castings were deposited on this sidewalk by the Iron Company. Sometimes they remained there for twenty-four hours, but some castings or machinery were there all the time; while there were frequent shipments and removals, the sidewalk was continually incumbered with them for months before the accident. No witness could say positively that the same pieces were there for any considerable time, but several said that substantially the same obstruction was there, the product of the manufactory. Such use, if it was, as some of the witnesses say, continuous, was not a lawful use; it was the occupancy of the sidewalk as a sort of warehouse or storehouse by day and by night.

If this character of obstruction had been kept up for weeks and months before the accident; if the passing public knew of it, then the jury could properly infer, from its continuous and long existence, that the city knew of it. This kind of alleged dangerous obstruction is not, perhaps, precisely similar to any one of those in the many adjudicated cases, but the principles applicable to this case are the same as in McLaughlin v. City of Corry, 77 Pa. 109; Born v. A. & P. Plank Road Co., 101 Pa. 334; Norristown v. Moyer, 67 Pa. 355; North Manheim Twp. v. Arnold, 119 Pa. 380.

A mistaken view of the evidence seems to have prompted the court to the erroneous order of a compulsory nonsuit. Says the court: " The evidence of repeated instances in which the Ajax Iron Works unlawfully obstructed the sidewalk is not sufficient unless it is continuous." From the testimony of a number of reputable witnesses it was for the jury to determine whether the repetition was such as to amount to substantial continuity of obstruction as distinguished from the lawful temporary use of the sidewalk.

At this stage of the litigation it would be manifestly improper for us to advert further to the evidence, because its weight and significance must be passed on by the jury. We are clearly of the opinion it cannot be withdrawn from them. Therefore the judgment of the court below refusing to take off the nonsuit is reversed at costs of appellee, and procedendo awarded.