RADICHEL, Respondent, vs. VILLAGE OF KENDALL, Appellant.

*March 25—April 19, 1904.*

*Municipal corporations: Obstruction of street: Storage of vehicles: Injury to pedestrian: Evidence: Instructions to jury: Appeal: Briefs.*

1. Long-continued use of a street for such a purpose as the leaving of vehicles or other objects therein may render it unsafe for public use so as to charge the municipality with liability for resulting injuries.

2. It need not be shown in such case that any particular vehicle had been customarily left in the particular way and at the precise place where the one causing the accident in question was at that time; but it is sufficient if it be shown that the leaving of that vehicle was a continuance of a customary use, permitted by the municipality, of the street in that immediate vicinity-as a storage place for vehicles temporarily out of use, to such an extent as to render the street unfit for public travel.

3. Nor is it material that such leaving of vehicles in the street was for the convenience of the owners thereof while their horses were being cared for temporarily in a nearby barn.

4. Error in admitting evidence in such a case, that the defendant had allowed other places in its streets to be obstructed by the leaving of vehicles therein, is *held* to have been so far cured as not to have prejudiced the defendant by a direction to the jury to disregard such evidence.

5. Evidence of statements of the president of a village, subsequent to the accident in question, showing knowledge prior to the accident that the street was used as alleged, was admissible upon the question of notice.

6. Permitting a party to make further proof on rebuttal after both sides had rested will not be held ground for reversal unless shown to have been a clear abuse of discretion and to have substantially prejudiced the adverse party.

7. In appellant's brief the particular parts of the trial judge's charge which are claimed to be prejudicially erroneous should be specifically pointed out, with the reasons for citing them to the attention of this court.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Action for damages for personal injury. The complaint was to this effect: For a long time prior to September 3, 1901, defendant's officers, charged with the execution of its duty to keep its streets reasonably safe for public travel, had been accustomed to permit the owner of a buggy to leave the same, when not in use, in the traveled part of Ward street in the defendant village, in front of a building located on lot 8, block 12, thereof. Such buggy, so located, rendered the street dangerous for public travel in the nighttime. Such officers, during the period mentioned, knew that the street at

the place aforesaid, and in that vicinity, was so customarily obstructed by buggies and other vehicles left therein by the owners thereof as to render it dangerous for public travel. Plaintiff, while traveling on said street at such place, in the exercise of ordinary care, and in the pathway customarily used by the public, at about 8:30 p. m., collided with one of the thills of a buggy, which extended across such pathway, whereby she was caused to fall and strike her head and face on the opposite thill, severely injuring her, to her damage in the sum of $3,000.

There were sufficient other allegations to constitute a cause of action if those mentioned are sufficient to show actionable fault on defendant's part. It answered by general denial.

On the trial the court held the complaint good, and that the evidence produced was sufficient to require the issues to be submitted to the jury. The verdict was special and to the effect that the street was dangerous for public travel as alleged, that defendant had constructive notice thereof for a sufficient length of time before the accident to enable it to remove such danger, that such dangerous condition was the proximate cause of plaintiff's injury, that she was not guilty of any want of ordinary care contributing thereto, and that she suffered damages to the extent of $200. Judgment was rendered accordingly, sufficient exceptions being saved to preserve for review the questions discussed in the opinion.

For the appellant there was a brief by *Masters & Graves,* and oral argument by *C. M. Masters.*

For the respondent the cause was submitted on the brief of *J. T. Dithmar.*

MARSHALL, J. The *gravamen* of the complaint is that the defendant had, for a long time before respondent was injured, permitted the street where the injury occurred to be unsafe for public travel by reason of the customary leaving therein of vehicles when not in use, in such a way that people

traveling thereon in the nighttime in the exercise of ordinary care were liable to collide with some such vehicle and receive a personal injury. We need hardly stop to discuss the question of whether the customary use of a street for the purpose of storing vehicles when not in use, so that the draft poles thereof are liable to be located across the pathway customarily used by pedestrians, would or might, as regards such persons, when traveling in the nighttime, render such street unsafe. One might as well dig a pit across a pathway as to leave a wagon tongue or the thill of a buggy across the same in such manner as it is alleged the one was which caused the injury in question. Either would constitute a -trap that would be very likely to operate disastrously to a person using such pathway in the ordinary way in the nighttime.

Whether appellant was responsible for the unsafe condition of the street because of the same having existed for such a length of time that its officers charged with the duty of attending to such matters should have known thereof and remedied the danger, was solved in favor of respondent by the jury. That a street may be rendered unsafe for public use so as to charge a municipality with the consequences by the long-continued use thereof for such a purpose as the leaving of vehicles or other objects therein, seems obvious. It is supported by many adjudications on the subject, and is sufficiently shown by citations in the brief of counsel for respondent. *Cairncross v. Pewaukee,* 78 Wis. 66, 47 N. W. 13; *Pittenger v. Hamilton,* 85 Wis. 356, 55 N. W. 423; *Slivitski v. Wien,* 93 Wis. 460, 67 N. W. 730; *Morrison v. Eau Claire,* 115 Wis. 538, 92 N. W. 280; *Davis v. Corry City,* 154 Pa. St. 598, 26 Atl. 621; *McLaughlin v. City of Corry,* 77 Pa. St. 109; *Born v. A. & P. P. R. Co.* 101 Pa. St. 334; *North Manheim v. Arnold,* 119 Pa. St. 380, 13 Atl. 444; *Farley v. New York,* 152 N. Y. 222, 46 N. E. 506. The following are to the same effect: *Cohen v. New York,* 113 N. Y. 532, 21 N. E. 700; *Callanan v. Gilman,* 107 N. Y. 360, 14 N. E.

264; *Champaign v. Jones,* 132 Ill. 304, 23 N. E. 1125; Jones, Negligence of Mun. Corp. § 80. A street may be rendered unsafe by the improper placing of vehicles therein as well as by being obstructed in any other way, as said in some of the cases cited. A municipality is liable for damages caused by allowing its streets to be unfit for public travel by persons in the exercise of ordinary care, by reason of obstacles being permitted by it to remain therein, regardless of the kind thereof.

The point is made that there was no proof that the particular buggy which obstructed the street on the occasion in question had been left there on other occasions or that the street, at that particular point, had been customarily so obstructed. We do not deem it necessary to discuss that complaint, demonstrating the reasons for our. disapproval thereof by referring in detail to the evidence. It was not essential to show that any particular buggy had been customarily left in the particular way and at the particular place as at the time of the accident. It was sufficient to show that appellant had allowed the street to be customarily used as a storage place for vehicles when they were temporarily out of use, to such an extent as to render it unsafe for public use, and that the leaving of the buggy which caused the accident was a mere continuance of such custom.

It is further claimed that there was no evidence warranting a finding that the street had been customarily obstructed by vehicles at the precise place where the accident occurred prior thereto. If that were so, it would not be material. As before indicated, it is sufficient if the street in the immediate vicinity had been allowed by the appellant to be customarily dangerously obstructed by the leaving of vehicles therein, so that such custom was reasonably probable to create such a danger as caused the occurrence in question. On that there was ample evidence to carry the case to the jury. The fact, if it were a fact, that no vehicle, prior to the accident, had

been so left in the street as to obstruct the same at the precise place where the one in question was at the time in question, does not affect the case. Neither is it material if the customary leaving of vehicles in the street was for the convenience of the owners thereof while their horses were being cared for temporarily in a nearby barn, if the vehicles were so left to such an extent as to render the street unfit for public travel. *Sykes v. Manchester,* 59 Iowa, 65, 12 N. W. 755, relied on by appellant's counsel, is in harmony with this.

Error is further assigned because the court permitted evidence to be introduced showing that appellant allowed places in its streets other than the one where the accident occurred to be customarily obstructed by the leaving of vehicles therein. That was error. However, the court directed the jury to disregard the evidence, and upon the whole case it seems that such direction so far cured the error that appellant was not prejudiced thereby.

Further complaint is made because respondent was permitted, after both sides rested, to make further proof on rebuttal. In the absence of a clear abuse of judicial discretion in a matter of that kind, and clear indications that the adverse party was substantially prejudiced, no advantage can be taken thereof on appeal.

Further error is assigned because testimony was allowed regarding statements of the president of the appellant subsequent to the accident, showing knowledge prior to such accident that the street was in use as alleged. We perceive no error in that. It was proper on the question of notice.

We are invited to examine numerous exceptions to the charge without any of them being discussed by counsel. The brief leaves us to search the printed case and to determine from indications therein what parts of the charge were excepted to, and to test the same for error without the benefit of counsel's reasons for complaining, except in one instance. That is not the proper way to submit such a matter for our

consideration. The particular parts of the judge's charge claimed to be prejudicially erroneous should have been specifically referred to with the reasons for citing the same to our attention. However, we have carefully read the charge for error, and find that it is free from anything of a prejudicial nature.

Counsel suggests that the court should have limited the jury, in respect to whether the street was dangerous or not, to whether any buggy had been customarily left at the precise point where the accident occurred, prior thereto. That cannot be approved, as we have heretofore said, in effect. The jury were told, generally, that if vehicles, prior to the accident, had been customarily allowed to remain in that part of the street including the place in question, to such an extent as to obstruct the same and render it dangerous for public travel, and such custom had existed so long before the accident that appellant's officers, by exercising ordinary care, might have discovered the danger and remedied it, a finding in the affirmative on the interrogatories respecting those subjects should be made. We see no infirmity in such instruction. What has been said covers all the errors assigned, and leads to the conclusion that the judgment should be affirmed.

*By the Court.*—So ordered.