BILGRIEN, Appellant, vs. ULRICH, Respondent.

*September 18—October 8, 1912.*

*Slander: Justification: Truth of charge: Other instances: Pleading:
Evidence: Acquittal in criminal prosecution: Appeal: Harmless
errors: Briefs.*

1. In an action for slander where the complaint alleged that de-
fendant had said of plaintiff, a manufacturer of cheese, that
he was a swindler and a cheat and that he had swindled and
cheated one of his patrons by wrongfully accusing such patron
of having sold adulterated milk, for the corrupt purpose of ex-
torting money from said patron, the defendant, pleading in de-
fense the truth of the words spoken, was properly allowed to
allege and prove other instances in which plaintiff had ex-
torted money from his patrons in a like corrupt manner, tend-
ing to show that he was in the habit of cheating and swindling
them.
2. In such action the admission of testimony as to the state of
health of the patron named in the alleged slanderous words at
the time plaintiff is alleged to have extorted money from him,
was not prejudicial error.
3. Acquittal in a criminal prosecution is not competent evidence
against the defendant in a civil action, brought by the person
so acquitted, for a slander alleged to have been uttered con-
cerning the transactions involved in the criminal case.
4. A brief assigning error upon the refusal to instruct as requested
and upon the giving of portions of the charge, referring to
pages in the printed case, but not giving the portions of the
charge excepted to or the substance thereof, and not stating
the principles of law applicable thereto, is not a compliance
with Supreme Court Rule 10.

APPEAL from a judgment of the circuit court for Dodge
county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The plaintiff, who at the time the alleged cause of action
arose was a manufacturer of and dealer in cheese, brings this
action for slander, alleging that the defendant spoke of and
concerning him in the German language words which when
translated into the English language are as follows:

"*H. Bilgrien* is a swindler and a cheater, that he had no
right to take Ulrich in the cellar in order to settle with him

there;" "*H. Bilgrien* is a swindler, he can do more than eat bread, Albert Koepernick can go and tell him what I have said here;" and "*Bilgrien* is a swindler and cheat that he no right had Ulrich in cellar to take and with him settle could."

. The court overruled a demurrer to the complaint, holding the allegations of the complaint constituted an actionable wrong.

· The answer recites the alleged details of several transactions between the plaintiff and persons who sold milk to him, wherein it is alleged to have been stated that the plaintiff had secured notes and money from such persons by threats that he would prosecute and have such persons sent to state prison because they had sold him adulterated milk, if they would not settle with him. It is also alleged that the plaintiff had sent an unexecuted note to one person who sold milk to him, with a threat of prosecution if he did not sign and return the note to the plaintiff. It is also alleged that it was the practice of the plaintiff to attempt to secure sums of money from persons who sold milk to him, upon the threat of prosecution for the offense of selling adulterated milk if they should fail to meet his demand. It is admitted that the words alleged in the complaint were spoken in substance and it is alleged that the words were in fact true. The court denied plaintiff's motion to strike out parts of the answer.

It appeared from the evidence admitted that the plaintiff had been arrested in connection with a transaction with one of the persons who sold milk to him and the alleged details of the transaction were set out in the answer, but the court excluded the record in the case against the plaintiff and the result of that prosecution.

The jury returned a verdict for the defendant, and judgment dismissing the complaint was awarded. This is an appeal from such judgment.

For the appellant the cause was submitted on the brief of *James E. Malone.*

For the respondent there was a brief by *Naber & Wheeler,* attorneys, and *Husting & Brother,* of counsel, and oral argument by *Emil Naber* and *Paul O. Husting.*

SIEBECKER, J.     Plaintiff's motion to strike out portions of the answer, which allege a justification for speaking the words charged as slanderous, was properly refused.     The alleged slander charged the plaintiff with being a swindler and a cheater in dealing with his patrons who sold milk to him in his business of manufacturer and dealer in cheese, and specified particular acts of extortion of money from patrons by falsely accusing them of having sold him adulterated milk. The defendant alleges that the charges were true, and in justification thereof sets out in the answer a number of instances wherein the plaintiff is charged with having wrongfully accused patrons of having sold him adulterated milk with the intent and for the purpose of thereby wrongfully and corruptly extorting money from them.     The alleged slander charges the plaintiff with being a swindler and a cheater generally and specifies particular acts.     The words alleged to have been falsely spoken are actionable as tending to prejudice and injure the plaintiff in his trade and business, under the special circumstances set out in the complaint.     *Gottbehuet v. Hubachek,* 36 Wis. 515; *Servatius v. Pichel,* 34 Wis. 292; *Brown v. Vannaman,* 85 Wis. 451, 55 N. W. 183.     The allegations of the complaint are that the defendant slandered the plaintiff by imputing to him the habit of swindling and cheating in conducting his business of cheese maker, and connect therewith the specific charge of swindling and cheating Gustav Ulrich, one of his patrons, by wrongfully accusing Ulrich of having sold the plaintiff adulterated milk, for the corrupt purpose of extorting money from Ulrich.     The portions of the answer which plaintiff moved to strike out allege, by way of defense, that the plaintiff had so extorted money from Gustav Ulrich, and specify other instances wherein the

plaintiff had wrongfully extorted money from his patrons in a like corrupt manner. It is plain that the specifically alleged acts of plaintiff's wrongful conduct are particular acts of the nature and kind that tend to show a habit of swindling and cheating. The facts and circumstances as alleged clearly constitute a proper defense to the alleged slander within the rule of the following decisions, which permits the defendant to show specific acts tending to show that the plaintiff was in the habit of cheating and swindling and that he extorted money from patrons who furnished him with milk in his business of manufacturing cheese: *Talmadge v. Baker*, 22 Wis. 625; *Kimball v. Fernandez*, 41 Wis. 329; *Adamson v. Raymer*, 94 Wis. 243, 68 N. W. 1000. Since the matter thus alleged is a proper defense, it also follows that all objections by plaintiff to competent and material evidence in support of these defenses were properly overruled.

It is urged that the admission over objection of the testimony of Dr. Bachhuber, concerning Gustav Ulrich's state of health at the time the plaintiff is alleged to have wrongfully extorted money from him, is prejudicial error. While it is not clear that this evidence threw any light on the subject under investigation, we are persuaded that its reception did not affect the substantial rights of the parties, and hence its reception cannot in any view be deemed prejudicial error. Sec. 3072*m*, Stats. (Laws of 1909, ch. 192).

Error is assigned on the ruling of the court excluding plaintiff's attempt to offer in rebuttal the records and files in the case of *The State v. Bilgrien* (plaintiff here), showing that the plaintiff was acquitted of the charge of criminal practices in extorting money from the defendant's brother. Counsel cites no adjudication to our attention to the effect that a verdict of acquittal in a criminal prosecution is competent evidence in a civil action, instituted by the defendant in the criminal case, against another person to recover damages for a slander alleged to have been uttered concerning the trans-

actions involved in the criminal case.    It is elementary that no person who is a stranger to an action or proceeding is bound by the result thereof, and that, although the same facts may be involved in a civil and a criminal case, the judgment found in one is not evidence in the other of the facts on which it is rendered.    The point here raised was referred to in *Winn v. Peckham,* 42 Wis. 493, 500, in a comment on the case of *Corbley v. Wilson,* 71 Ill. 209, wherein the court ruled that the record of the proceedings in the criminal case was not competent evidence in a slander suit, under the identical circumstances here presented.    This court in the *Winn Case* states: "Undoubtedly *Corbley v. Wilson* was correctly decided."    See, also, 7 Ency. of Ev. p. 850, subd. IV, par. 1.

Error is assigned upon the court's refusal to instruct as requested and upon the giving of portions of the instructions to which there was exception.    Appellant's brief refers to pages in the printed case and does not give the portions of the charge covered by these exceptions or the substance thereof. Nor is there a presentation of the principle of law applicable thereto, as is required by the rules governing the printing of briefs in causes in this court.    The practice indulged in here is not a compliance with such regulations.    *Radichel v. Kendall,* 121 Wis. 560, 99 N. W. 348.    We have, however, examined the exceptions and the charge of the court and find that the instructions given by the court fully cover the issues submitted to the jury and correctly state the law applicable thereto.    There is no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.