FEHLHABER, Respondent, vs. McFADDEN, Appellant.

*February 25—March 17, 1914.*

*Slander: Words actionable* per se: *Pleading: Definiteness: Several causes of action: Assessing damages as an entirety.*

1. Words falsely spoken of a person in his capacity as cashier of a trust company, charging him with being crooked, with raising the amount of a note, with forging a note, and with "beat-

ing" a depositor out of money by obtaining the surrender of a certificate of deposit without in fact paying it, were actionable *per se.*

2. The objection that the complaint was not sufficiently specific in that it did not allege that the words were spoken of and concerning the plaintiff with reference to his business, was not well taken, especially when first made after answer to the merits and verdict in plaintiff's favor.

3. Assessment of damages as an entirety will not be held error if some of the causes of action alleged were good and were supported by the evidence.


APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

This is an action for slander. The jury returned the following verdict:

"(1) Did the defendant on or about July 27, 1911, in the presence of George A. Bullion, speak of and concerning the plaintiff in his position of cashier of Wisconsin Valley Trust Company, substantially the words: 'The cashier in there is crooked. He beat me out of a couple of hundred dollars?' *A.* (by the court). Yes.

"(2) Was the defendant actuated by express malice in speaking the words set forth in question number 1? *A.* Yes.

"(3) Did the plaintiff prior to July 27, 1911, while acting as cashier for the Wisconsin Valley Trust Company, handling moneys of the defendant, unlawfully and intentionally convert to his own use $200 of the defendant's funds or a substantial portion thereof? *A.* No.

"(4) Did the defendant on or about August 1, 1911, in the presence of the plaintiff and A. L. Kreutzer, say with reference to the $325 note in question substantially the words, 'It was only $225 and you (addressing plaintiff) must have raised it to $325?' *A.* Yes.

"(5) If you answer the fourth question 'Yes,' then answer this question: Was the defendant in speaking said words actuated by express malice? *A.* Yes.

"(6) (Not answered.)

"(7) Did the defendant on September 5, 1911, in the presence of A. L. Kreutzer, say of and concerning the $50 note in question, 'It is not my signature. The note was in

his (meaning plaintiff's) possession and he is responsible for it?'    *A.* (by the court). Yes.

"(8) Were the words spoken by the defendant referred to in the preceding questions, under the circumstances in which they were spoken, naturally calculated and intended by defendant to charge the plaintiff with the crime of forgery? *A.* Yes.

"(9) If you answer question number 8 'Yes,' then was the defendant in speaking said words actuated by express malice? *A.* Yes.

"(10) (Not answered.)

"(11) Was the signature of the defendant to the $50 note in question (Exhibit B) a forgery? *A.* No.

"(12) Did the defendant on or about September 5, 1911, in the presence of A. E. Kuolt, A. L. Kreutzer, and the plaintiff, speaking of and concerning a certain certificate of deposit of the sum of $150 issued by the Wisconsin Valley Trust Company to the defendant, say, 'It was never paid to me. You (addressing plaintiff) beat me out of that money,' intending thereby to charge that the plaintiff obtained the surrender of said certificate without in fact paying the same? *A.* (by the court). Yes.

"(13) Was the charge which was made by the defendant against the plaintiff as set forth in the preceding question true? *A.* No.

"(14) If you answer question number 13 'No,' then was the defendant in speaking said words actuated by express malice? *A.* Yes.

"(15) (Not answered.)

"(16) If the plaintiff is entitled to recover in this action, in what amount do you assess his actual damages? *A.* $500.

"(17) In case you award the plaintiff punitory damages, in what amount do you assess the same? *A.* $500."

Judgment was entered in favor of the plaintiff on the verdict and defendant appealed.

The cause was submitted for the appellant on the brief of *Carl N. Hill,* and for the respondent on that of *Kreutzer, Bird, Rosenberry & Okoneski.*

KERWIN, J. The verdict sufficiently shows the basis of plaintiff's claim. The appellant insists that the words are not actionable *per se.* A demurrer *ore tenus* was interposed by defendant, overruled, and the ruling is complained of as error. The words were spoken of plaintiff in his capacity as officer and cashier of the Wisconsin Valley Trust Company, charging him with criminal misconduct, and were clearly actionable *per se.* *Gross C. Co. v. Rose,* 126 Wis. 24, 105 N. W. 225; *Bilgrien v. Ulrich,* 150 Wis. 532, 137 N. W. 759; *Singer v. Bender,* 64 Wis. 169, 24 N. W. 903. But it is contended by appellant that the complaint is not sufficiently specific in that it does not charge that the words were spoken of and concerning the plaintiff with reference to his business. We think this point is not tenable even if objection had been seasonably and specifically made. But clearly, in the absence of objection by motion to make more definite, and after answer to the merits and verdict, the objection is not well taken.

Error is also assigned on the admission and exclusion of evidence. These assignments of error are entirely without merit and do not require special treatment.

It is further insisted that it was error to assess damages as an entirety, on the ground that some of the causes of action were bad. The point is not well taken. *Bushee v. Wright,* 1 Pin. 104. However in the case at bar the jury found all the causes of action in favor of the plaintiff, and we regard the verdict well supported.

We find no prejudicial error in the record.

*By the Court.*—The judgment is affirmed.

TIMLIN, J. I concur in the result.