EZRA CASTLEBERRY and WIFE, plaintiffs in error, vs. SAMU-EL S. KELLY and WIFE, defendants in error.

To say to a white man, "negroes have been with your wife," meaning that ne-gro men had had carnal communications with her, "and I can prove it," without the allegation of special damage, is not actionable.—McDONALD doubting.

Slander, in Warren Superior Court. Tried before Judge THOMAS, October Term, 1858.

This was an action on the case, for words spoken, brought by Samuel S. Kelly and wife, against Ezra Castleberry and wife. The declaration alleged, that Sarah Castleberry " did, on the 25th day of April, 1853, say of and concerning the said Martha," the wife of Samuel S. Kelly, in a conversation with the said Samuel, and in the presence of divers other citizens of said county, the following false and malicious words, to-wit: "Your wife's sister, meaning the said Martha, had a negro child, and that is not all, negroes have been with your wife," meaning that negro men had had carnal communication with the said Martha, "and I can prove it."

Castleberry et ux. vs. Kelly et ux.

The jury found for the plaintiffs five hundred dollars. Whereupon, defendants moved in arrest of judgment on the following grounds:

1st. That no legal cause of action is set forth or contained in the plaintiffs' declaration.

2d. That the words charged to have been spoken by one of the defendants, taken with the colloquium and innuendoes, impute no crime to plaintiffs, or either of them, and no special damage is alleged to have been sustained by plaintiffs, or either of them, on account of the speaking of said words

The Court, after argument, overruled the motion in arrest of judgment, and defendants excepted and assign said decision as error.

ROBERT TOOMBS; and THOS. W. THOMAS, represented by LINTON STEPHENS, for plaintiffs in error.

E. H. POTTLE, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

This is an action of slander. The words alleged to have been spoken of one of the plaintiffs, are: "Negroes have been with your wife;" meaning that negro men had had carnal communications with her, " and I can prove it." On the appeal trial, the jury . found for the plaintiffs five hundred dollars damages. The defendants' attorney moved in arrest of judgment, on the grounds:

1st. That it is apparent on the face of the plaintiffs' declaration, that no legal cause of action is set forth therein against defendants.

2d. Because the words charged to have been spoken by one of the defendants, taken with the colloquium and innuendo, impute no crime against plaintiffs, or either of them, and no special damage is averred to have been suffered by

the plaintiffs, or either of them, on account of the speaking thereof.

The Court below overruled the motion in arrest of judgment, and his decision is excepted to. The general rule in respect to actionable words is well established. They must be falsely and maliciously uttered, and impute to the person of whom they are spoken, a crime or misdemeanor, punishable in a temporal Court of criminal jurisdiction; or charge the person with an infectious disease which, if true, would be calculated to exclude him from society. This Court has recognized and acted on this rule. *Pledger vs. Hathcock*, 1 *Kelly*, 550; *Watson vs. McCarthy*, 2 *Kelly*, 57. The words set forth in the declaration do not impute an indictable offence.

Two of the members of this Court are decidedly of this opinion, and on the ground that, according to the penal code, to constitute a punishable offence, the act of adultery or fornication must be committed by two persons, both of whom may be indicted under the code, which declares that any man or woman who shall commit adultery and fornication, or adultery or fornication, *shall be severally indicted*, &c.; and that a negro man who commits the act with a white woman, cannot be indicted under the code; and that the laws against adultery and fornication, do not apply to free persons of color or to slaves. This view of the code is supported by legislative construction; for the General Assembly, in January, 1852, deemed it necessary to enact, that the offence may be committed by a white man with a woman of color. If the interpretation put on the penal code be correct, there is no law making it a punishable offence if committed by a white woman with a negro; and it follows, that words charging the act are not slanderous of themselves, because they do not impute an offence punishable by the law, and that the action therefore cannot be sustained. I am not entirely satisfied with this construction of the code, or the law upon which this action depends, and reluctantly assent to the judg-

Castleberry et ux. vs. Kelly et ux.

ment pronounced.   The  argument  is not conclusive to me, that a negro man is not punishable under the law, before the appropriate  tribunal for  the  punishment of slaves, and  that a prosecution there is not an indictment within the meaning of the  code; and  that  the white woman may  not  be separately indicted under the code.    At the same time, I concede, that the code has no application to acts of this  sort, committed by  free persons of  color  and slaves  among themselves. I am strongly of opinion, that  the  Courts of  common  law have the same  power here,  to  determine what are remediable wrongs, in new cases, which could not possibly occur in England, as the Courts  in that country have.    Mr. Starkie, in his treatise on  the  action  of  slander, says: " but though in some instances the presumption of  the  prejudice to  the plaintiff in society is a ground of action,  yet  it may be  laid down as an  established rule,  that no charge or  imputation upon the plaintiff, however  foul, (except that  of having  an infectious disease,)  will be actionable, unless it  be of an offence  punishable in a temporal  Court  of criminal jurisdiction."   They have in England no inferior race as slaves,  as we have here, with whom it is disgraceful to be on terms of social  intercourse.   Who can  say that,  there, a case of  the sort before us  would not be made an exception to this established rule?    I will not enlarge on this subject,  but  say that I acquiesce in, rather than assent to, the judgment fully, that my brethren are so well satisfied is the law.    As no special damage to the plaintiff is alleged, the judgment  must be arested, and  s o it is accordingly ordered.

Judgment reversed.