Brown vs. Vannaman.

BROWN, Respondent, vs. VANNAMAN, Appellant.

*April 13 — June 21, 1893.*

*Libel: Communication tending to injure business: Privilege: Excessive damages.*

1. A letter written by one of two rival milk dealers, advising a shipper "to look out for the man B. [the other dealer] that you are shipping milk or cream to, unless you have surety for your goods, as he does not pay any of his shippers anything, and he sells the milk and cream for about what it costs him, and the shippers are the losers," is libelous *per se,* as tending directly to prejudice B. in his business.

2. Such a letter is not a privileged communication, and a mere belief in the truth of the statements therein, without good cause for such belief, is no defense to an action for the libel.

3. A verdict for $2,500 damages in such action having been allowed by the trial court to stand, that amount is held not so excessive as to warrant this court in reversing the judgment.

APPEAL from the Superior Court of *Milwaukee* County.

The complaint alleges, in effect, as a first cause of action, that in November, 1890, the plaintiff established himself in business in the city of Milwaukee, and engaged in purchasing milk, cream, and buttermilk from parties in that city and vicinity and in the territory and country adjoining the city and county of Milwaukee, including one C. B. Lichtke, residing

in the vicinity of Lannon, Waukesha county, at wholesale, and retailing the same to his patrons in the city of Milwaukee, and has continued such business ever since; that the defendant was, in November, 1890, and ever since has been and now is engaged in buying milk and cream from parties in and about Milwaukee and in the adjoining country and territory at wholesale, and retailing the same to his patrons in said city; that May 13, 1891, at said city, the defendant wickedly, wrongfully, and maliciously wrote of and concerning the plaintiff and did maliciously publish and cause to be published of and concerning the plaintiff, in the vicinity of said Lannon, where the plaintiff purchased milk and cream for his patrons in his said business, the false, defamatory, and libelous words (omitting innuendoes): "Milwaukee, May 13, 1891. Office of Hutchinson's Milk Depot, 516 Grand Avenue. *C. B. Lichtke, Lannon, Wis.*— DEAR SIR: I would advise you to look out for the man *Brown* that you are shipping milk or cream to, unless you have surety for your goods, as he does not pay any of his shippers anything, and he sells the milk and cream for about what it costs him, and the shippers are the losers. I know two men he owes over $100 apiece. Stop and see me when you come to Milwaukee, and I will give you all the information you want. Stop at 516 Grand avenue, and ask for me. Yours, truly, A. VANNAMAN."

The complaint also alleges, in effect, as a second cause of action, certain slanderous words spoken of and concerning the plaintiff, June 18, 1891, at said city, in the presence and hearing of one Seyball; and also, as a third cause of action, certain slanderous words spoken of and concerning the plaintiff, August 10, 1891, at or in the vicinity of Hartland, in the county of Waukesha, in the presence and hearing of certain persons.

The defendant demurred to each of said several causes of action and to the whole complaint for insufficiency, and

upon the hearing of the demurrer the same was overruled as to the first cause of action alleged, but sustained as to the second and third causes of action. The defendant thereupon answered upon the merits, by way of admissions and denials and allegations as to the truth of certain things so published, and mitigating circumstances.

At the close of the trial the jury returned a special verdict to the effect (1) that the charges made in the communication by the defendant against the plaintiff were not true; (2) that the defendant at the time of publishing the communication did not have good reason to believe that the charges made by him were true; (3) that the plaintiff was injured in his character, reputation, credit, or business by the charges made in the communication written and published by the defendant; (4) that the defendant was actuated by express malice in writing and publishing the communication; (5) that the jury were of the opinion that the plaintiff was entitled to recover, and assessed his damages at the sum of $2,500. Thereupon, and on July 21, 1892, in pursuance of the order of the court, judgment was entered on said special verdict in favor of the plaintiff and against the defendant for $2,598.77 as damages and costs. From that judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *V. W. Seely*, attorney, and *N. S. Murphey*, of counsel, and for the respondent on that of *Williams & May*.

To the point that the letter was a privileged communication if written by defendant in good faith, without malice, and in the belief that the statements therein were true, counsel for the appellant cited *Lewis v. Chapman*, 16 N. Y. 369; *Byam v. Collins*, 111 id. 143; *Rude v. Nass*, 79 Wis. 328; *Klinck v. Colby*, 46 N. Y. 433; *Hamilton v. Eno*, 81 id. 122; *Van Wyck v. Aspinwall*, 17 id. 190; *Sunderlin v. Bradstreet*, 46 id. 191; *Noonan v. Orton*, 32 Wis. 112; *Robshaw v. Smith*, 38 L. T. N. S. 423; *Howard v. Thompson*,

21 Wend. 319; *Phila., W. & B. R. Co. v. Quigley*, 21 How. 202; *King v. Hart*, 1 W. Blackst. 386; *Ormsby v. Douglas*, 37 N. Y. 483; *Fowles v. Bowen*, 30 id. 24; *Kent v. Borgartz*, 15 R. I. 72; *Hovey v. Tip Pencil Co.* 57 N. Y. 125; Town-shend, Slander & L. (ed. 1890), sec. 241; *Spill v. Maule*, L. R. 4 Exch. 232.

The following opinion was filed May 2, 1893:

CASSODAY, J. The plaintiff and the defendant were rivals in the same business and in the same city. The manifest purpose of the letter of May 13, 1891, was to induce the person to whom it was sent to stop selling milk and cream to the plaintiff and commence selling the same to the defendant. In other words, it was a written slander upon the plaintiff in his trade and business; and as such it tended directly to prejudice the plaintiff therein, and hence was, within the well-established rules of law, libelous *per se*, though not imputing any crime. *Gottbehuet v. Hubachek*, 36 Wis. 515; *Spiering v. Andrae*, 45 Wis. 330; *Singer v. Bender*, 64 Wis. 169; *Muetze v. Tuteur*, 77 Wis. 236. It follows as a necessary sequence that the exceptions to the several portions of the charge in harmony with the proposition of law above stated must be overruled.

Error is assigned because, in submitting the second question contained in the special verdict, the court charged the jury that " it is not enough for the defendant to testify or to show to you that he believed that the statements made by him were true. He must have had good reason to believe that the charges made by him were true. The mere assertion by him, under oath, that he believed them to be true, without having good cause to believe that they were true, will not exempt him from liability." The court then submitted it to the jury to determine whether the defendant had good reason to believe the statements contained in his letter to be true or not. Counsel contend that if the

defendant, at the time of sending the letter, believed such statements to be true, then the communication was privileged, and he assigns error because the court refused to give the following instruction: "I instruct you, as a matter of law, that if this letter of May 13, 1891, was written by the defendant, believing it to be true, in good faith, without malice, then it was a privileged communication and this action cannot be maintained. It is the end of the case if you should find that it is a privileged communication under the rule that I have given you." The instruction so requested and refused seems to have been copied almost literally from one that was given and held not to be error in *Rude v. Nass*, 79 Wis. 326. The reason for such ruling in that case was that the communication there involved was conditionally privileged. This is apparent from what is there said to the effect that counsel on both sides in that case agreed to the rule of law as stated by FOLGER, C. J., in *Hamilton v. Eno*, 81 N. Y. 122, " that it is *for the court to determine* whether the subject-matter to which the alleged libel relates, the interest in it of the author of it, or his relations to it, are such as to furnish an excuse; but that the question of good faith, belief in the truth of the statement, and the existence of actual malice, remain for the jury." It was there further said, in behalf of this court, that " under this rule the question whether the alleged libel was conditionally privileged was a mixed question of law and fact, to be submitted to the jury under the charge of the court. That is what was done in this case." 79 Wis. 327. In the leading case of *Wright v. Woodgate*, 2 Cromp., M. & R. 577, PARKE, B., said: " The proper meaning of a privileged communication is only this: that the occasion on which the communication was made rebuts the inference *prima facie* arising from a statement prejudicial to the character of the plaintiff, and puts it upon him to prove that there was malice in fact,— that the defendant was

actuated by motives of personal spite or ill will, independent of the occasion on which the communication was made." This language was expressly sanctioned by Mr. Justice DANIEL in *White v. Nicholls*, 3 How. 287; and also in a recent case in the House of Lords,— *Jenoure v. Delmege*, (1891) App. Cas. 78.

In the case at bar the trial court held as a matter of law that the letter mentioned was not a privileged communication, and we are constrained to concur in such ruling. It does not appear that the defendant had any legitimate interest in the business conducted by the plaintiff, nor in the purchases made by him from the person to whom the letter was addressed, nor was he under any obligation or duty to make the communication, nor was the communication made in the interest of the public or good morals, but, on the contrary, the defendant wrote and published the letter as a mere volunteer, acting from motives of personal gain to be secured through the injury of a rival in business. It certainly does not answer the description of either the second, third, or fourth kinds of privileged communications mentioned by Mr. Justice DANIEL, and held by the supreme court of the United States, in the case cited. We think it is equally clear that it does not fall within the first kind there defined as follows: "Whenever the author and publisher of the alleged slander acted in the *bona fide* discharge of a public or private duty, legal or moral, or in the prosecution of his own rights or interests." We find no error in the charge given, nor in the instruction refused. Of course, a mere belief in the absence of any good reason to so believe, as mentioned in the portion of the charge quoted, would not be available as a defense.

The only doubt we have had in this case is whether we should not reverse the judgment by reason of the excessive damages found. Had the trial court, in the exercise of the very large discretion vested in it in such cases, set aside

the verdict and granted a new trial unless the plaintiff remitted a portion of such damages, we should have felt more certain that justice had been done between the parties. *Corcoran v. Harran*, 55 Wis. 125; *Baker v. Madison*, 62 Wis. 149; *Murray v. Buell*, 74 Wis. 17. But we cannot say that the damages found are so excessive as to create the belief that the jury were misled either by passion, prejudice, or ignorance, and that the court abused its discretion in allowing the verdict to stand; and hence, within the adjudications last cited, we do not feel authorized to reverse the judgment upon that ground. "Besides, the trial court has a much broader discretion in such matters than this court." *Heddles v. C. & N. W. R. Co.* 74 Wis. 259.

Other minor exceptions, mentioned in the brief of counsel, must be regarded as overruled.

*By the Court.*—The judgment of the superior court of Milwaukee county is affirmed.

A motion for a rehearing was denied June 21, 1893.