GROSS COAL COMPANY, Respondent, vs. ROSE, Appellant.

*October 4—October 24, 1905.*

*Libel and slander: Corporations: Mean and abhorrent conduct in business.*

1. A corporation may sue for a slander or libel upon it in the way of its business or trade.
2. A published letter charging that, during a coal famine when people were suffering for fuel, plaintiff, though engaged in the business of selling coal, not only charged extortionate prices but actually refused to sell coal, even at those prices, to people suffering from sickness, was libelous *per se*.
3. The same charge made orally constituted slander *per se* and was actionable without proof of special damage.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The complaint contains two causes of action, one for slander and one for libel. After alleging the corporate character of the plaintiff and its business of buying and selling coal in the city of Milwaukee, the complaint states by way of inducement the existence of a coal famine in Milwaukee in the winter of 1902 and 1903, and the further fact that much hard-

ship and suffering was occasioned to the people by reason thereof. The complaint further states, as a first cause of action, that on the evening of March 23, 1904, the defendant, being then mayor of the city of Milwaukee, and a candidate for re-election, made a speech before an assemblage of 3,000 people in Milwaukee, in which he uttered the following words of and concerning the plaintiff:

"What were the conditions then [meaning the coal famine of 1902–1903]? One or two coal dealers [meaning the plaintiff] in the city of Milwaukee had hard coal, for which they [meaning the plaintiff] asked $15 a ton. And I am going to mention some names here, because I told those men [meaning the plaintiff] that I would do it, and I am going to show them [meaning the plaintiff] that I keep my word. The Gross Bros. Coal Company [meaning the plaintiff] had coal. People came to me with the money in their hands and tears in their eyes, with suffering at their homes and sickness, and said, 'Mr. Mayor, can't you get us some coal?' I went to these people [meaning the plaintiff] and asked them [meaning the plaintiff] if they would fill the orders for coal at $15 a ton, and when I accompanied the orders with physicians' certificates they [meaning the plaintiff] said that they would; but when I sent the orders they [meaning the plaintiff] would not do it. I called the coal dealers together. I called their attention to the fact that my office was besieged from early morning until late at night by people who were suffering. They assured me that it would be impossible to secure coal until the opening of navigation."

The complaint further alleges that after the making of this speech the plaintiff gave the defendant an opportunity to retract the same, but that the defendant sent the following letter to plaintiff's attorneys:

"Milwaukee, March 26, 1904.
"*Messrs. Lenicheck, Fairchild & Boesel,*
         "198 West Water Street, City:—
   "GENTLEMEN: In answer to your letter of the 24th, requesting me to retract the statements made by me at the Davidson Theater meeting last Wednesday evening, concerning

the conduct of Gross Bros. during the coal famine of last year, I have to say: 'I made no statement at the Davidson Theater meeting that I desire to retract. I am not in the habit of making statements that I cannot prove. I stated that the Gross Bros. charged $15 per ton for hard coal. The statement was true. I stated that they agreed to honor my orders for coal if physicians' certificates were attached; that orders with physicians' certificates attached were sent to them, and the parties who presented them had the money with which to pay $15 per ton for the coal, but that the orders were refused. That statement was likewise true. I did not state all that transpired, but I will disclose all before the campaign closes. If you wish to begin proceedings in court, fire away.

"Respectfully yours,

"DAVID S. ROSE."

The complaint further alleges, in general terms, loss of trade and injury to business to the amount of $25,000.

For a second cause of action the complaint alleges the publication of the aforesaid letter in the Milwaukee newspapers upon the day of its date, to the damage of the plaintiff in the sum of $25,000.

A general demurrer to this complaint was overruled, and the defendant appeals.

For the appellant there was a brief by *Ryan, Ogden & Bottum,* and oral argument by *L. M. Ogden.*

For the respondent there was a brief by *Lenicheck, Fairchild & Boesel,* and oral argument by *F. T. Boesel.*

WINSLOW, J. A corporation may sue for a slander or libel upon it in the way of its business or trade. Newell, Libel & S. (2d ed.) 360. There can be no doubt that the published letter which forms the basis of the second cause of action was libelous *per se* under the circumstances set forth in the complaint. It charged, in substance, that at a time when there was a coal famine and people were suffering for fuel, the plaintiff, though engaged in the business of selling coal, not only charged extortionate prices for its coal, but actually re-

fused to sell coal, even at those prices, to people suffering from sickness. Such a charge is libelous, because imputing mean and abhorrent conduct to the plaintiff in the management of its business, and thus tending necessarily to injure it in such business. Newell, Libel & S. (2d ed.) 43, § 1; Id. 74, § 14; *Brown v. Vannaman,* 85 Wis. 451, 55 N. W. 183.

It is claimed, however, that, while the words may be libelous when written and published, the same words do not constitute slander *per se* when spoken, and that there is no sufficient allegation of special damage—hence that the first cause of action is subject to demurrer. This contention, also, must fail. Words spoken of a person in direct reference to his business or trade, which charge him with incapacity, fraud, trickery, dishonorable and mean conduct in the transaction of his business, thereby necessarily tending to injure him in such business, are actionable without proof of special damage. Newell, Libel & S. (2d ed.) 168, §§ 1, 2; 19 Am. & Eng. Ency. of Law (2d ed.) 942. There seems to be no need of further discussion of the subject.

*By the Court.*—Order affirmed.