## VICTOR SAFE & LOCK CO. v. DERIGHT.

(Circuit Court of Appeals, Eighth Circuit. August 1, 1906.)

No. 2,061.

1. LIBEL—ACTIONABLE WORDS—SPECIAL DAMAGE.

By the law of libel defamatory language is actionable without special damage when it contains an imputation upon one as an individual, or in respect of his office, profession, or trade, but is not actionable when it

is merely in disparagement of one's property, or of the quality of the articles which he manufactures or sells, unless it occasions special damage.

2. SAME.

The plaintiff is engaged in the manufacture and sale of what are commonly designated as "Victor Safes." The defendant, who is engaged in selling other safes, wrote to a third person a letter containing the following language: "We have heard that you had placed order for a Victor Screw Door. We are somewhat surprised at this and feel that you have been misled. The Victor plate safe is very cheaply constructed and can be easily burglarized. The Victor, so-called, "manganese steel safe" is weaker still, and can be opened inside of a vault or anywhere else in a few moments time." *Held*, that this language must be regarded as merely in disparagement of the plaintiff's safes and therefore as not actionable in the absence of special damage, and that, there being no allegation of such damage in the petition, it is demurrable.

(Syllabus by Court.)

In Error to the Circuit Court of the United States for the District of Nebraska.

Charles W. Baker (Walter S. Stillman, and J. E. Price, on the brief), for plaintiff in error.

Isaac E. Congdon (John W. Parish, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This was an action for libel. The plaintiff, an Ohio corporation, is engaged in the manufacture and sale of safes of various styles made of steel and iron plates and commonly designated as "Victor Safes." Among these is one known as a "plate safe" and another known as a "manganese steel safe." The defendant, a citizen of Nebraska, is engaged in the sale of safes other than those made by the plaintiff. The libel charged rests upon the following letter written by the defendant to one Holland:

"Dear Sir: We have heard that you had placed order for a Victor Screw Door. We are somewhat surprised at this and feel that you have been misled. The Victor plate safe is very cheaply constructed and can be easily burglarized. The Victor, so-called, manganese steel safe is weaker still, and can be opened inside of a vault or anywhere else in a few moments time. The large second-hand fire and burglar proof safe on which we made you a low price will stand much more explosive and is a much more difficult safe to open than any Victor you could buy. We are ready to demonstrate this at any time. We trust you have not concluded the contract, and will still consider a proposition on our safe."

Because the petition contained no allegation of special damage a demurrer thereto was sustained, and, the plaintiff declining to amend, judgment was given for the defendant.

The sole question presented for our consideration is: Is the language of the letter libelous per se; that is, actionable without special damage? As by the law of libel defamatory language is actionable without special damage when it contains an imputation upon one as an individual, or in respect of his office, profession or trade, but is not actionable when it is merely in disparagement of one's property or

of the quality of the articles which he manufactures or sells, unless it occasions special damage, it is essential to consider whether the language of the letter contains an imputation upon the plaintiff or is merely in disparagement of the quality of its safes. Townsend on Slander and Libel (4th Ed.) §§ 146–151, 205, 206; Swan v. Tappan, 5 Cush. (Mass.) 104; Gott v. Pulsifer, 122 Mass. 235, 23 Am. Rep. 322; Dooling v. Budget Publishing Co., 144 Mass. 258, 10 N. E. 809, 59 Am. Rep. 83; Boynton v. Shaw Stocking Co., 116 Mass. 219, 15 N. E. 507; Tobias v. Harland, 4 Wend. (N. Y.) 537; Malachy v. Soper, 3 Bing. (N. C.) 371; Young v. Macrae, 3 B. & S. 264; Evans v. Harlow, 5 Q. B. 624. The letter does not mention the plaintiff. It does not say that Holland's order for a Victor Screw Door was given to the plaintiff or that he was misled by the plaintiff. Nor is it implied that the plaintiff had any connection with that order, because consistently with all that is said Holland may have placed the order with some dealer other than the plaintiff wholly uninfluenced by any act or representation on its part. These considerations persuade us that the language of the letter must be regarded as merely in disparagement of the quality of the plaintiff's safes, and therefore as not actionable in the absence of special damage, of which there is no allegation in the petition. Cases before cited, and Stone v. Cooper, 2 Denio (N. Y.) 293; McLoughlin v. American Circular Loom Co., 60 C. C. A. 87, 125 Fed. 203; Pollard v. Lyon, 91 U. S. 225, 237, 23 L. Ed. 308; Walker v. Tribune Co. (C. C.) 29 Fed. 827; Wilson v. Dubois, 35 Minn. 471, 29 N. W. 68, 59 Am. Rep. 335.

There is nothing necessarily immoral or reprehensible in the manufacture and sale of safes which are cheaply constructed, and not designed to be burglar proof or difficult of opening. They may be useful and salable in the market for the purpose of placing what is put into them beyond the reach of fire, and possibly for other purposes. The case is thus distinguishable from those where language is held actionable without special damage when it imputes to a master mariner and shipowner a purpose to sail to a distant port with passengers and freight when his ship is so unseaworthy as to immediately endanger all on board, or when it imputes to a brewer the use of such unwholesome materials in brewing as to make sick those who drink his beer. Ingram v. Lawson, 6 Bing. N. C. 212; Ohio & M. Ry. Co. v. Press Publishing Co. (C. C.) 48 Fed. 206; White v. Delevan, 17 Wend. (N. Y.) 49. Such language although relating to property or an article produced, is a libel on the owner or producer because it implies that he is guilty of deceit, or what is more reprehensible, in the conduct of his business.

We think the ruling upon the demurrer was right, and the judgment is accordingly affirmed.