STERNBERG MFG. CO. v. MILLER, DU BRUL & PETERS MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. May 8, 1909.)

No. 2,816.

1. LIBEL AND SLANDER (§ 71*)—ACTIONS—DEFENSES.

It is no defense to an action for libel that plaintiff had previously libeled defendant.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 173; Dec. Dig. § 71.*]

2. LIBEL AND SLANDER (§ 9*)—ACTIONABLE WORDS—WORDS IMPUTING ILLEGAL CONDUCT OF BUSINESS.

An article published by defendant, in which plaintiff was charged with being a "trust" and with wrongfully conducting its business, by falsely claiming to have valid patents protecting an article of its manufacture and attempting to monopolize the business by resorting to the courts for injunctions against its competitors, was libelous per se, and in an action based thereon it was not necessary to allege special damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 86; Dec. Dig. § 9.*]

3. LIBEL AND SLANDER (§ 124*)—ACTIONS—INSTRUCTIONS.

In an action for libel, where the publication by defendant of the article complained of was not denied, and it was libelous on its face, it was not error to refuse an instruction which in effect submitted the question whether or not it was libelous to the jury.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 366; Dec. Dig. § 124.*]

In Error to the Circuit Court of the United States for the Southern District of Iowa.

W. J. Roberts and Louis Block, for plaintiff in error.

William C. Howell (Hervey S. Knight, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and RINER, District Judge.

ADAMS, Circuit Judge. This was an action to recover damages for the publication of an alleged libelous article. The plaintiff, the Miller, Du Brul & Peters Manufacturing Company, a competitor of the defendant in the business of manufacturing and selling cigar molds, claimed in its amended and substituted complaint, upon which the cause went to trial, that the defendant published of and concerning plaintiff's business and its method of conducting it two certain defamatory articles, which formed the occasion for two separate counts in the complaint. The verdict and judgment in favor of plaintiff being general, only one of these articles will be specifically considered. It is as follows:

"Please Hang Up.
"Important Notice.
"Please Read.

"A recent threatening circular sent out to the cigar makers of the country by the Miller, Du Brul & Peters Manufacturing Company is a remarkable document. A valid patent secures an inventor a monopoly for seventeen years.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

For that time a valid patent is better than a trust, because it is lawful. The gentlemen composing said company claim in their circular that beginning thirty years ago they have taken out 149 patents, but they don't state how many of the 149 are now alive. A patent issued 30 years ago has been dead for 13 years. We made the same style of molds ten years ago that we are making to-day. Why do they resort to lawsuits at this late day? The answer is easy. Simply because their patents are no longer a protection. Congress gives an inventor a monopoly for seventeen years. But only in return for his promise to let the public have free use of his invention at the end of that time. Another trust. The Miller, Du Brul & Peters Manufacturing Company has no live valid patent to-day, and it does not want to keep its promise made to the people through Congress over 17 years ago. It has no lawful monopoly, and so it is now hungry to be a trust. After a 'live and let live' career of thirty years, it now proposes to kill off competition by using the courts as a club. It wants to use injunctions and in this way gain the power of a trust. The cigar makers know the class of people who resort to injunctions. The trust will push the price away up and force you to pay it. No injunction will be issued against us. We have made the best cigar mold on the market for years, have infringed no patent, and won't be bluffed out of business. We are in business to stay, and will fight any suit brought against us. And we will protect all users of our molds. We have employed the best talent to protect us and to save the public from the forming of this trust, and we propose to see that Messrs. Miller, Du Brul & Peters keep the promise they made to the people at the time their patents were granted. To our customers we say: Stand pat. Don't worry. Send all threatening notices you receive, to us, and we will put them to good use. The Sternberg Mfg. Co., 1702–1712 W. Locust St., Davenport, Iowa, U. S. A."

The defendant in its answer admits the publication of the article, but avers that it was published to counteract the effect of two certain articles published by plaintiff, representing itself to be the sole owner of all patents for making cigar molds known as the "vertical top," alleging that it had brought a line of suits against all manufacturers of that particular mold and warning all persons against infringement. The two articles so alleged to have been published by plaintiff contained much laudation and puffing of the value of its patents and of its manufactured product, strong assertion of exclusive right to manufacture the vertical top mold, and a precautionary warning of danger to all who should attempt to infringe its rights. The foregoing facts are pleaded by defendant in a double aspect: First, as a justification of the publication complained of by plaintiff; and, second, by way of mitigation of damages.

No question of law is preserved for our consideration concerning the effect of the articles published by plaintiff in mitigation of damages, and we refrain from further reference to that aspect of the defense. The present writ of error challenges the judgment for several reasons which will be soon considered, but chiefly because of the contention that the article published by defendant was not libelous per se, and because there was no allegation or proof of special damages such as would have been necessary if it were not so libelous. The trial court charged the jury in part as follows:

"Defendant was wrong when it said that Du Brul Company had no live, valid patents, because Du Brul Company had live, valid patents relating to the manufacture of cigars."

To this an exception was duly saved by defendant. The court also told the jury in effect that if plaintiff had theretofore published ar-

ticles offensive to the defendant, while the latter had the right to issue circulars fairly refuting the offensive matter, it did not have the right by way of counteracting the effect of the offensive articles to libel the plaintiff; that if plaintiff libeled the defendant, the defendant's remedy was an action at law, rather than a libelous retort. To this last feature the defendant also saved due exception. These two were the only exceptions to the charge, and they, in our opinion, were not well taken. The charge first referred to appears to have been well warranted by the facts, and, even if it were not, it is not apparent how it could prejudice defendant's rights on the only material issue of the case. The charge that defendant could not libel the plaintiff in retaliation for its offenses was clearly right. One can no more take the law into his own hand, and counteract the effect of one libel with another, than he can take satisfaction for a past physical assault by administering one to the assailant.

The defendant requested the court to instruct the jury to find a verdict in its favor on the ground that the published article was not libelous per se and that there was no allegation or proof of special damages. The article by direct averment and by necessary and inevitable implication accused the plaintiff of being a trust, with all the opprobrium that term implies, and thereby of violating the laws of the United States in so far as interstate business was concerned, as well as the laws of the state of Iowa, where both parties did business. Act July 1, 1890, c. 647, 26 Stat. 209 (U. S. Comp. St. 1901, p. 3200) Code Iowa 1897, §§ 5060, 5062. It also accused the plaintiff of falsely pretending to be the owner of valid and subsisting patents entitling it to monopolize the manufacture of a certain kind of cigar molds, of misusing and deceiving the courts in order to secure unwarranted protection to its business, of preventing competition, and raising the price of manufactured articles to the consumer.

Analysis or discussion of this article cannot make its meaning more certain than is plainly disclosed by the language employed. It charges the defendant with committing an offense punishable both by the laws of the United States and of the state of Iowa. Its reference to plaintiff's business of manufacturing and dealing in cigar molds is undeniable. It contains a distinct and emphatic charge of wrongful and improper conduct of that business. It is a charge, too, of that peculiar misconduct which naturally and directly brings down upon the offender's business the disapprobation of the public and necessarily entails injurious consequences. It is, therefore, according to well-recognized law, actionable per se. Morawetz on Private Corporations, § 358; Victor Safe & Lock Co. v. Deright, 77 C. C. A. 437, 147 Fed. 211; Ohio & M. Ry. Co. v. Press Pub. Co. (C. C.) 48 Fed. 206; Trenton Mutual Life and Fire Ins. Co. v. Perrine, 23 N. J. Law, 402, 67 Am. Dec. 400; Boogher v. Life Association of America, 75 Mo. 319, 322, 42 Am. Rep. 413. Being so actionable, damages ensued as a necessary consequence; and it was not necessary to plead special damages to constitute a cause of action. Newell on Slander & Libel (2d Ed.) p. 181; Townshend on Slander and Libel, § 146 et seq.; Victor Safe & Lock Co. v. Deright, supra.

It is next contended that the trial court erred in refusing to give to the jury the following instruction requested by the defendant:

"The defendant had the right or privilege to defend itself against the charge made by the Miller, Du Brul & Peters Manufacturing Company that it was infringing the patent for an improvement in cigar molds alleged in the patent infringement suit; said charge having been made in the paper filed by the Miller, Du Brul & Peters Mfg. Co. in the United States Circuit Court, the warning published in the Tobacco Leaf newspaper, and the circular that has been offered in evidence. It had the right to do so by an answer filed in court and by a counter circular. The only limit upon the defendant's right to issue a circular in self-defense was that it must not injure the Miller, Du Brul & Peters Manufacturing Company in respect to its business, so far as the issue in this case is concerned. Defendant had a right to consider the effect of plaintiff's acts upon its business, and so long as it did not injure the plaintiff in its business, and only protected its own, the plaintiff had no cause for complaint. If the jury finds that the circular issued by the defendant, of which complaint is made, did not directly and necessarily injure the plaintiff in its business as the manufacturer and seller of its own products, and only preserved to defendant its business and customers, then your verdict must be for the defendant."

We think the court committed no error in refusing to give this instruction. In view of defendant's claim, asserted in its pleading and proof, that it was justified in publishing the article complained of in order to counteract the alleged injurious effect of plaintiff's prior publications, the first part of the instruction was at least misleading. The jury might well have regarded it as a declaration that the defendant's libel was justifiable in view of plaintiff's prior wrong. As already seen this is not the law. The latter part of the instruction was also faulty. It declares that:

"So long as it [the libelous article] did not injure the plaintiff in its business, and only protected its own, the plaintiff had no cause for complaint."

This not only contains the insidious suggestion that defendant might protect its own business by a counter libel, but it ignores the fact that the article was libelous as a matter of law, and seeks to submit to the jury the legal question which the court of its own motion might well have disposed of peremptorily.

There are some other assignments of error predicated upon the admission of evidence and the refusal to further charge the jury as requested by the defendant; but as counsel for the defendant have not deemed them worthy of consideration in their "propositions of fact and law," and as they, in our opinion, are necessarily ruled by the views we have expressed concerning the character of the article complained of, we do not deem it necessary to take them up for special consideration. We have, however, sufficiently considered them to assure ourselves that no prejudicial error was committed against the defendant.

The judgment must be affirmed; and it is so ordered.