# MARINO *v.* DI MARCO.*

---

SLANDER; DEFAMATION OF BUSINESS.

It is slanderous *per se* to say of a fruit dealer that he sells "rotten goods," especially where it is made by statute a misdemeanor to sell food consisting of decomposed or filthy animal or vegetable substance.

No. 2520.    Submitted October 15, 1913.    Decided November 3, 1913.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action for slander.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment for the plaintiff, Antonio Di Marco, appellee here, in the supreme court of the District upon the verdict of the jury in an action for slander of plaintiff in relation to his business.

The declaration sets forth that the plaintiff was and still is engaged in the business of conducting a fruit, candy, and notion store in this city; that the defendant, well knowing this, but contriving and maliciously intending to injure plaintiff in his good name, fame, credit, and business, and to cause it to be suspected and believed that the plaintiff, in the conduct of his said business, had been and was guilty of disreputable and dishonest conduct, and of the offense of selling and offering for sale unhealthy and diseased food, and to subject him to the penalty inflicted by law upon persons guilty of said offense, and to vex, harass, oppress, and impoverish him in his said business, did

---

*Slander.*—As to slander of quality of goods or property, see note to *Burkett* v. *Griffith,* 13 L.R.A. 707.

then and there say of and concerning the plaintiff, that "he sells rotten goods," meaning thereby that the plaintiff sold diseased food, etc. Special damages were neither alleged nor proved, and, at the close of plaintiff's evidence, counsel for the defendant moved for a verdict upon the ground that the words declared upon were not actionable *per se,* and hence that the plaintiff was not entitled to recover. It was admitted by the defendant that, at the time of the alleged slander, the business of the plaintiff was that of selling fruit and other edibles. The court declined to grant the defendant's motion, which was renewed and again overruled after all the evidence in the case had been introduced. The sole question for our determination, therefore, is whether, in the circumstances of this case, the words declared upon are actionable *per se.*

*Mr. John L. Cassin* for the appellant.

*Mr. Howard Boyd* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

It is elementary in the law of libel and slander, that "defamatory words falsely spoken of a party which prejudice such party in his or her profession or trade," are actionable *per se. Pollard* v. *Lyon,* 91 U. S. 225, 23 L. ed. 308. This form of action is allowed by the law for the protection of every man who follows an honest profession, business, or calling from false accusation, the natural tendency of which is to prejudice him in such profession, business, or calling. When, therefore, words are spoken which convey an imputation upon one in the way of his profession, business, or calling, or, as it is sometimes stated, which touch him therein, recovery may be had without allegation or proof of special damage. Thus in *Morasse* v. *Brochu,* 151 Mass. 567, 8 L.R.A. 524, 21 Am. St. Rep. 474, 25 N. E. 74, it was held that false words uttered with intent to injure a physician in the practice of his profession are actionable *per se* when, as a natural or probable result, injury will follow there-

from. In *Lovejoy* v. *Whitcomb,* 174 Mass. 586, 588, 55 N. E. 322, the court said: "The jury were correctly instructed that a false and disparaging statement concerning one in his trade, occupation, or calling is actionable in itself; and the person concerning whom such a statement is made, although he should not be able to show that he had suffered damage or loss, would still be entitled to recover." In *Moore* v. *Francis,* 121 N. Y. 199, 8 L.R.A. 214, 18 Am. St. Rep. 810, 23 N. E. 1127, it was held that words imputing insanity are actionable *per se* when written or spoken of one occupying a position of trust and confidence in relation to his occupation, but not otherwise without proof of special damage. In *Blumhardt* v. *Rohr,* 70 Md. 328, 17 Atl. 266, the words declared upon were naturally calculated to convey the idea that the plaintiff, who was a butcher, was selling diseased meat for human food. It was held that the words were actionable *per se.* The court said: "The slander charged is of one engaged in business or trade, and is alleged to have been spoken of the appellee and his business, and the words used, if used as charged, on their face, were calculated to injure his business, and were therefore actionable *per se."* In *Gross Coal Co.* v. *Rose,* 126 Wis. 24, 2 L.R.A. (N.S.) 741, 110 Am. St. Rep. 894, 105 N. W. 225, 5 Ann. Cas. 894, the plaintiff was engaged in the business of selling coal, and the letter declared upon charged in substance that, at a time when there was a coal famine and people were suffering for fuel, this company not only charged extortionate prices for its coal, but actually refused to sell coal, even at those prices, to people suffering from sickness. In sustaining the judgment the court said: "Such a charge is libelous, because imputing mean and abhorrent conduct to the plaintiff in the management of its business, and thus tending necessarily to injure it in such business. * * * Words spoken of a person in direct reference to his business or trade, which charge him with incapacity, fraud, trickery, dishonorable and mean conduct in the transaction of his business, thereby necessarily tending to injure him in such business, are actionable without proof of special damage." See also *Darling* v. *Clement,* 69 Vt. 292, 37 Atl.

779; *Jones* v. *Greeley,* 25 Fla. 629, 6 So. 448; *Daily* v. *De Young,* 127 Fed. 491; *Sternberg Mfg. Co.* v. *Miller, Du B. & P. Mfg. Co.* 95 C. C. A. 494, 170 Fed. 298, 18 Ann. Cas. 69; 25 Cyc. 326.

The plaintiff, at the time of the alleged slander, admittedly was engaged in the business of selling fruit and other edibles. The measure of his success in conducting this business was necessarily largely dependent upon the confidence of the public in the manner in which he conducted that business. It is apparent that, as between a dealer who is known to sell wholesome food and one who sometimes does not, the discriminating public will patronize the former. Moreover, under the food and drugs act of June 30, 1906 (34 Stat. at L. 768, chap. 3915, U. S. Comp. Stat. Supp. 1911, p. 1354), the selling of food consisting in whole or in part of filthy, decomposed, or putrid animal or vegetable substance is made a misdemeanor. This the defendant is presumed to have known when he uttered the words forming the basis of this action. He had reason to believe, therefore, that the words used would be understood by the public to mean that the plaintiff had violated the law in the conduct of his business.

We must now presume that the jury found, under proper instructions from the court, that the defendant, with a deliberate purpose and intent to injure plaintiff in his business, used these words. Can it reasonably be said that their natural meaning, the sense in which they were understood and were intended to be understood by the general public (and it is that sense which courts of justice ought to ascribe to them,—*Rue* v. *Mitchell,* 2 Dall. 58, 1 L. ed. 288, 1 Am. Dec. 258), was not harmful to the plaintiff in his business? It was not merely charged that some of the plaintiff's *goods* were rotten. The defendant went further and charged that the plaintiff sold rotten goods. The distinction is important. The words used involved both plaintiff and his goods, that is, both the person and the thing, and in a way reasonably calculated to cause injury to the business which the words embraced.

It is suggested on behalf of the defendant that there is no

rule of law or principle of business ethics which makes *damaged* goods, as such, unmarketable. Conceding this to be true, the insidious character of the words declared upon is not overcome. The charge was not that the plaintiff sold *damaged* goods, but that he sold *rotten* goods. He not only was charged, therefore, with violating the law, but the average person would understand that he·was also accused of perpetrating a fraud upon the public. It must be remembered, as previously suggested, that these words were uttered concerning the sale of food for human consumption, where necessarily such an accusation would have much greater effect than if made concerning the sale of food for cattle. Then, too, the average person would be much less likely to patronize a dealer who knowingly would violate the law in the sale of unwholesome food, for it would naturally be inferred that a violator of the law would be less conscientious in his business dealings. *Sternberg Mfg. Co.* v. *Miller, Du B. & P. Mfg. Co.* 95 C. C. A. 494, 170 Fed. 298, 18 Ann. Cas. 69.
Judgment affirmed, with costs.          *Affirmed.*