PUGET SOUND NAV. CO. v. CARTER. SAME v. MURRAY. SAME v. CARTER et al.

(District Court, W. D. Washington, N. D. February 1, 1916.)

No. 3175.

1. Libel and Slander ⊗═══7(2)—Libelous Charges—Offenses.

Laws Wash. 1911, c. 117, § 21, prohibits discrimination by common carriers, either in favor of persons or localities, while section 94 makes a violation of the act an offense. Defendant published in a newspaper a statement that he believed the county to be fully 10 years behind what it should be because of unjust discrimination in the freight and passenger rates charged by the plaintiff navigation company. *Held*, that the statement was not libelous, as charging the navigation company with an offense under the laws, but should be treated merely as a severe criticism of the company's methods.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 18, 35; Dec. Dig. ⊗═══7(2).]

2. Libel and Slander ⊗═══9(1)—"Libel"—What Constitutes.

Rem. & Bal. Code Wash. § 2424, declares that published words are actionable if they directly tend to prejudice or injure a person or corpora-

---

⊗═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion in his or its business. Defendant published, concerning plaintiff navigation company, that it had driven competitors from the field, had robbed the people of the locality for years, but now protested when they sought to dictate rates. *Held* that, as words not actionable may become so if they contain a covert and hidden meaning, such publication was libelous as tending to injure the navigation company in its business; the innuendo showing the charge of robbery meant, not a technical robbery, but the imposition of rates which were so exorbitant that they deprived patrons of the navigation company of their money without just return.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80, 90; Dec. Dig. ☞9(1).

For other definitions, see Words and Phrases, First and Second Series, Libel.]

3. LIBEL AND SLANDER ☞89(1)—ACTIONS—LIBEL OF CORPORATION.

A corporation may sue for libel, reflecting on the management of its trade or business, without alleging or proving special damages; but, if the publication is not one tending to injure its business, special damages should be alleged and proved.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 213; Dec. Dig. ☞89(1).]

4. LIBEL AND SLANDER ☞9(1)—COMPETITION—STATEMENTS.

While competition is right and proper, yet, in the exercise of the right of competition, libels must not be published.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80, 90; Dec. Dig. ☞9(1).]

At Law. Actions by the Puget Sound Navigation Company against L. B. Carter and against one Murray, and against one Carter and others. On demurrer to the complaint. Demurrer sustained as to the first cause, and overruled as to the second.

Bronson, Robinson & Jones, of Seattle, Wash., for plaintiff.
Peterson & Macbride, of Seattle, Wash., for defendant.

NETERER, District Judge. The complaint alleges, in substance, that the plaintiff is a foreign corporation doing business in this district, and operating vessels for the carriage of passengers and freight for hire upon Puget Sound, the Straits of San Juan de Fuca, and operating a line of vessels throughout a group of islands in San Juan county; that there is sharp competition with other lines of vessels operating throughout the same territory; that on November 4, 1915, the defendant caused to be published in the Friday Harbor Journal, a paper of general circulation throughout San Juan Islands and San Juan county, an article over his signature, "urging the public to patronize a vessel operated by a competitor of the plaintiff," in which the following language was employed:

"I fully believe San Juan county to be fully ten years behind what it should be by the unjust discrimination in passenger and freight rates charged the people of San Juan county by the Puget Sound Navigation Company under the management of Joshua Green of Seattle."

It is stated that said statement was made of and concerning the plaintiff with respect to the conduct of its business, and was maliciously libelous, in that it falsely charged the plaintiff with unjustly discriminating against the locality, to wit, San Juan county, thereby

violating the provisions of chapter 117 of the Session Laws of Washington of 1911, and that it has been damaged in the sum of $7,500. And in a second cause of action it is alleged that the defendant published in the same paper about the 25th of November, over his own signature, the following statement:

"We sincerely hope every reader will think this matter over carefully and put their shoulder to the wheel and with a good strong boost show that we can and will stick together, for we certainly are under no obligations to the Puget Sound Navigation Company. They shed no tears when they drove Capt. Newhall with the steamer Islander from the run and sent him to his grave, broken in spirit and purse; but now they make an awful holler when the people, whom they have robbed all these years, take matters into their own hands and dictate some of the rates to be charged and services rendered."

It is then alleged that said statement was made of and concerning the plaintiff in the conduct of its business, and was maliciously libelous, in that it falsely charged that the plaintiff's business was conducted—

"in an unfeeling and abhorrent manner, as therein set out, and * * * charged the plaintiff with robbing the people for a period of years, meaning thereby that the plaintiff had for a period of years exacted from its patrons in the conduct of its business rates so grossly excessive, and so exorbitant, and so disproportionately high with relation to the services rendered, that the plaintiff in fact robbed the people and conducted its business in the method and manner of robbery."

[1] The defendant has demurred to each cause of action. I think the demurrer to the first cause of action must be sustained. It is contended that since section 21, p. 555, Laws Wash. 1911, provides "that no common carrier shall make or give any undue or unreasonable preferences or advantage to any person or corporation or to any locality or to any particular description of traffic in any respect whatsoever, or subject any particular person or corporation or locality or any particular description of traffic, to any undue or unreasonable prejudice or disadvantage in any respect whatsoever," and section 94 of the same act provides that "any public service company which shall violate or fail to comply with any provision of this act * * * shall be subject to a penalty of not to exceed * * * $1,000.00 for each and every offense," that the plaintiff is charged with the commission of crime and falsely charged with acts which injured it in its business. The language employed is of a general nature, and I do not think charges the defendant with the violation of law. It may be that it is a criticism which is emphatic, and if written under certain circumstances and conditions, and in connection with other statements, might be prejudicial and injurious to the plaintiff's business. I do not think, however, that this expression, as set out in this cause of action, states facts sufficient upon which to predicate relief, and the demurrer to this cause of action is sustained.

[2-4] The demurrer to the second cause of action should be overruled. Published words are actionable, if they directly tend to prejudice or injure another in his business (25 Cyc. 326), and when they tend "to injure any * * * corporation * * * in * * * [its] business" (Rem. & Bal. Code Wash. § 2424), and a corporation may sue for libel reflecting on the management of its trade or busi-

ness without alleging or proving special damages (Newell, Slander & Libel, § 448). If the publication would not tend to injure its business, special damages should be alleged and proved. Judge Lacombe, in Astruc v. Star Co., 193 Fed. 631, 113 C. C. A. 499, 40 L. R. A. (N. S.) 79. And to the same effect is Gross Coal Co. v. Rose, 126 Wis. 24, 105 N. W. 225, 2 L. R. A. (N. S.) 741, 110 Am. St. Rep. 894, 5 Ann. Cas. 549; Sternberg Mfg. Co. v. Miller, D. B. & P. Mfg. Co., 170 Fed. 298, 95 C. C. A. 494, 18 Ann. Cas. 69. It is contended that, since a corporation could not commit the crime of robbery, it cannot sue in respect to the imputation of robbery, and that the language employed before the innuendo does not sound in libel, as no meaning produced by the innuendo will make the action maintainable, as the innuendo cannot beget an action. Grand v. Dryfus, 122 Cal. 58, 54 Pac. 389.

The word "robbed," here employed, does not purport to charge a specific crime, but rather a course of dealing on the part of the agents and employés of the plaintiff which takes from the persons of the community money or value, not forcibly, by violence and putting in fear, but by compulsion or coercion—by charging rates which are so exorbitant as to amount to robbery. Words in themselves not actionable may become so if they contain a covert or hidden meaning, and must be understood in their concealed sense by those who read them. Hanchett v. Chiatovich, 101 Fed. 742, 41 C. C. A. 648. Competition is necessary, right, and proper, and is for the public good; but in its exercise the right of another must not be violated through malice or ill will. As was said by Judge Ross in Hanchett v. Chiatovich, supra, 101 Fed. 746, 41 C. C. A. 652:

"It is, in our judgment, a clear violation of the right pertaining to every person engaged in an industrial enterprise for any other person, through malice, ill will, or revenge, to command or induce other persons to withdraw or withhold their custom from him, or otherwise maliciously interfere with his business. Motive does not count where one merely exercises his own right without violating any right of another, but when he does violate the right of another the motive of the act enters largely into the problem."

The demurrer is overruled as to the second cause of action.

The same reasoning applies to the demurrer in Puget Sound Navigation Co. v. Murray (No. 3176), and Puget Sound Navigation Co. v. Carter et al. (No. 3177). Orders may be presented.

⊕⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes