*C. C. Crockett, W. F. Bell, W. J. Collins,* for plaintiff.

   *T. E. Hightower, S. P. New,* for defendants.

---

### 18048.   GERSHON & GREEN *v.* MENDEL.

1. Where, in an action for slander brought in this State for words spoken in New Jersey, no law or statute of that State is pleaded, it will be presumed that the common law prevails in that State, and the question of whether a cause of action is stated will be determined under the principles of the common law as interpreted by the courts of this State.

2. At common law, defamatory words falsely spoken of another in reference to his trade or business and calculated to injure him therein were actionable per se; and hence, in an action therefor, general damages could be recovered, and it was not essential to the statement of a cause of action that special damages should be alleged.

3. The petition in this case stated a cause of action for slander as at common law, and was not subject to demurrer upon the ground that the alleged slanderous remarks were not shown to have been the direct and

Evidence, 22 C. J. p. 151, n. 95.
Libel and Slander, 36 C. J. p. 1180, n. 4; 37 C. J. p. 35, n. 19.

proximate cause of the damage for which the plaintiff sued, nor upon the ground that no special damage was alleged or set forth. The court erred in sustaining the demurrers and dismissing the petition.

DECIDED JANUARY 16, 1928.

Action of slander; from Fulton superior court—Judge Pomeroy. January 31, 1927.

*Eli Socoloff,* for plaintiffs. *A. S. Grove,* for defendant.

BELL, J. In a suit by Gershon & Green, a partnership, to recover for an alleged slander spoken by the defendant, Herman Mendel, in the State of New Jersey, the petition made the following case: Gershon & Green were a partnership carrying on a general mercantile business in various cities in this State. Sam Gershon was the senior member, and in the channels of trade in which the firm operated it was descriptively referred to and identified by the name "Gershon" or "Sam Gershon." The defendant, in a city in New Jersey on a day named, while the plaintiffs were so in business, falsely uttered to, and in the presence and hearing of, a third person, one Harry Gordon, certain defamatory words concerning the plaintiffs in reference to their business and touching them therein, as follows: Herman Mendel: "Well, I see they [meaning creditors] closed up your friend." Harry Gordon: "Who?" Herman Mendel: "Sam Gershon." Harry Gordon: "Are you sure of it?" Herman Mendel: "Yes, New York is full of it." The third person to whom such false and defamatory words were so uttered and published reasonably understood them to refer to the business of Gershon & Green, and, by reason of the facts stated, the defendant damaged the plaintiffs in a sum named, for which the plaintiffs prayed judgment. The court sustained demurrers and dismissed the petition, and the plaintiffs excepted.

Since the words complained of were spoken in New Jersey and no law or statute of that State is pleaded, it will be presumed that the common law prevails in that State, and the question of whether a cause of action is set forth will be determined by the principles of the common law as interpreted by the courts of this State. *So. Ry. Co.* v. *Harper,* 32 *Ga. App.* 267, 273 (123 S. E. 154); *Charleston &c. Ry. Co.* v. *Miller,* 113 *Ga.* 15 (38 S. E. 338); *Krogg* v. *Atlanta & West Point R.,* 77 *Ga.* 202 (2) (4 Am. St. R. 79). The plaintiffs claimed general damages only, and the main question for decision is whether defamatory words falsely spoken of another in

reference to his trade or business and calculated to injure him therein were actionable per se at common law. The learned judge of the trial court was apparently of the opinion that this question should be answered in the negative, and thus that the suit was not maintainable in the absence of allegations of special damage. While our Supreme Court in one or more decisions has used language tending to such conclusion, the question has never been directly presented in any reported case in this State, and it is necessary to go beyond the decisions of our own courts in order to reach a satisfactory conclusion regarding the matter. According to the Civil Code (1910), § 4433, "charges made on another in reference to his trade, office, or profession, calculated to injure him therein," will constitute a slander from which damage may be inferred, and as to which it is unnecessary to allege or prove special damage in order to recover; but since the action in the present case is predicated upon words uttered in a foreign State, the provisions of our own code are not applicable, unless they are expressive of the common law, and a determination of that point would decide the ultimate question. In Pollard *v.* Lyon, 91 U. S. 225 (23 L. ed. 308), the Federal Supreme Court said: "Different definitions of slander are given by different commentators upon the subject; but it will be sufficient to say that oral slander, as a cause of action, may be divided into five classes, as follows: (1) Words falsely spoken of a person which impute to the party the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Words falsely spoken of a person which impute that the party is infected with some contagious disease, where, if the charge is true, it would exclude the party from society; or (3) defamatory words falsely spoken of a person, which impute to the party unfitness to perform the duties of office or employment of profit, or the want of integrity in the discharge of the duties of such an office or employment. (4) Defamatory words falsely spoken of a party, which prejudice such party in his or her profession or trade. (5) Defamatory words falsely spoken of a person, which, though not in themselves actionable, occasion the party special damage." We are at a loss to understand just what was the foundation for this statement, unless it was the common law.

The decision in the Pollard case was cited and followed by the

Court of Appeals of the District of Columbia in Marino v. Marco, 41 App. (D. C.) 76 (48 L. R. A. (N. S.) 1214), in which the opinion, with citations, was in part as follows: "It is elementary in the law of libel and slander that 'defamatory words falsely spoken of a party, which prejudice such party in his or her profession or trade,' are actionable per se. Pollard v. Lyon, 91 U. S. 225 (23 L. ed. 308). This form of action is allowed by the law for the protection of every man who follows an honest profession, business, or calling, from false accusation, the natural tendency of which is to prejudice him in such profession, trade, or calling. When, therefore, words are spoken which convey an imputation upon one in the way of his profession, business or calling, or, as is sometimes stated, which touch him therein, recovery may be had without allegation or proof of special damage. Thus, in Morasse v. Brochu, 151 Mass. 567 (8 L. R. A. 524, 21 Am. St. Rep. 474, 25 N. E. 74), it was held that false words uttered with intent to injure a physician in the practice of his profession are actionable per se, when, as a natural or probable consequence, injury will follow therefrom. In Lovejoy v. Whitcomb, 174 Mass. 586, 588 (55 N. E. 322), the court said: 'The jury were correctly instructed that a false and disparaging statement concerning one in his trade, occupation, or calling is actionable in itself, and the person concerning whom this statement is made, although he should not be able to show that he suffered damage or loss, would still be entitled to recover.' In Moore v. Francis, 121 N. Y. 199 (8 L. R. A. 214, 18 Am. St. Rep. 810, 23 N. E. 1127), it was held that words imputing insanity are actionable per se when written or spoken of one occupying a position of trust and confidence in relation to his occupation, but not otherwise without proof of special damage. In Blumhardt v. Rohr, 70 Md. 328 (17 Atl. 266), the words declared upon were naturally calculated to convey the idea that the plaintiff, who was a butcher, was selling diseased meat for human food. It was held that the words were actionable per se. The court said: 'The slander charged is of one engaged in business or trade, and is alleged to have been spoken of the appellee and his business, and the words used, if used as charged on their face, were calculated to injure his business, and were therefore actionable per se.' In Gross Coal Co. v. Rose, 126 Wis. 24 (2 L. R. A. (N. S.) 744, 110 Am. St. Rep. 894, 105 N. W.

225, 5 Ann. Cas. 549), the plaintiff was engaged in the business of selling coal, and the letter declared upon charged in substance that, at a time when there was a coal famine and people were suffering for fuel, this company not only charged extortionate prices for its coal, but actually refused to sell coal, even at those prices, to people suffering from sickness. In sustaining the judgment, the court said: ' Such a carge is libelous, because imputing mean and abhorrent conduct to the plaintiff in the management of its business, and thus tending necessarily to injure it in such business. Words spoken of a person in direct reference to his business or trade, which charge him with incapacity, fraud, trickery, dishonorable and mean conduct in the transaction of his business, thereby necessarily tending to injure him in such business, are actionable without proof of special damage.' See also Darling *v.* Clement, 69 Vt. 292 (37 Atl. 779) ; Jones *v.* Greeley, 25 Fla. 629 (6 So. 48) ; Daily *v.* De Young, 127 Fed. 491; Sternberg Mfg. Co. *v.* Miller Co., 95 C. C. A. 494 (170 Fed. 298, 18 Ann. Cas. 69), 25 Cyc. 326." It is very evident that the principles here set forth are not of statutory origin, but are traceable to the common law. Other cases to the same effect might be cited in large number.

But, if they be clear and well settled, the best evidence of what was the common law is the decisions of the courts of England in which the principles of the system were enunciated and applied (*Robert* v. *West,* 15 *Ga.* 122) ; and on pursuing the present inquiry to that source of authority, we are satisfied that defamatory words falsely spoken of another in reference to his trade or business and calculated to injure him therein were actionable per se at common law. In the English case of Onslow *v.* Horne, 2 Bl. Rep. 750, decided in 1771, De Grey, C.J., laid down "two general rules for determining whether words are actionable: (1) The imputation of crimes, which would make the party obnoxious to punishment . . . (2) The other general rule is, if the words may be of probable ill consequence to a person in a trade, a profession, or an office." See also Leycroft *v.* Dunker, Cro. Car. 317; Peard *v.* Jones, Cro. Car. 382; and cases collected in 13 Am. & Eng. Enc. of Law (1st ed.), 355. In *Spence* v. *Johnson,* 142 *Ga.* 267 (3) (82 S. E. 646, Ann. Cas. 1916A, 1195), the Supreme Court of this State recognized the rule that words falsely spoken of one in reference to his trade, office, or profession were actionable per se

at common law, although in that case it seems to have been necessary only to construe section 4433 of the Code without determining the origin of this section.

To support the proposition that the words involved in the present case would not have been actionable at common law, counsel for the defendant relies chiefly upon the cases of *Pledger* v. *Halhcock,* 1 *Ga.* 550, *Ford* v. *Johnson,* 21 *Ga.* 399, *Castleberry* v. *Kelly,* 26 *Ga.* 606, and *Nicholson* v. *Dillard,* 137 *Ga.* 225 (3) (73 S. E. 382) ; but in none of these cases did the words have reference to one's trade or business, and therefore the decisions in these cases are not in point. In the *Nicholson* case it was said that "at common law only words imputing a crime to another were actionable per se; but [that] under our statute words calculated to injure one in his trade or profession are actionable;" and yet, since the record in that case presented no question as to whether an oral defamation of another in reference to his trade or business was actionable per se at common law, the language quoted, if implying the negative of such question, is mere obiter, and can not be taken as a decisive ruling upon the proposition. "The law guards most carefully the credit of all merchants and traders. Any imputation on their solvency, any suggestion that they are in pecuniary difficulties, is therefore actionable without proof of special damages. In actions of slander for words affecting the pecuniary credit of a merchant, it need not be averred nor proved that they were spoken in relation to his occupation as a merchant; for in their nature they strike at the root of the mercantile character." Newell on Slander and Libel (2d ed.), § 33; *Brown* v. *Holton,* 109 *Ga.* 431, 434 (34 S. E. 717).

The petition in this case stated a cause of action for slander as at common law, and was not subject to demurrer upon the ground that the alleged slanderous remarks were not shown to have been the direct and proximate cause of the damage for which the plaintiffs sued, nor upon the ground that no special damage was alleged or set forth. Nor was the petition subject to demurrer upon any other ground taken. The court erred in sustaining the demurrers and dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Stephens J., concur.*